# FIFTH DISTRICT, 1901.

## D. M. De Vitt v. Kaufman County.

### Decided November 7, 1901.

1.—Lease—Proviso—Option to Buy Held Conditional.

Where a lease contained a proviso reserving to the lessor the right to sell the land and terminate the lease at the end of any rental year on six months' notice, and giving the lessee the privilege of buying the land at a price to be fixed by the lessor, and which might be bona fide offered by any other party, the option to buy was conditional upon the lessor electing to terminate the lease by making a sale, and did not apply to a sale made subject to the lessee's rights to the end of his term.

2.—Same—Parol Evidence.

The language of the proviso in the lease being unambiguous and certain, parol evidence was not admissible to show that it was agreed and understood at the time the lease was executed that the option to buy should be unconditional.

Appeal from Kaufman. Tried below before Hon. J. E. Dillard.

*Cowan & Burney* and *Morrow & Boggess,* for appellant.

*K. R. Craig* and *G. G. Wright,* for appellees.

TEMPLETON, Associate Justice.—In July, 1895, Kaufman County leased to De Vitt and Scharbauer 960 acres of its free school lands, situated in Hockley County. The lease contract reads thus:

"Kaufman County, Texas, July 20, 1895.—This instrument witnesseth that Kaufman County, acting by and through Nestor Morrow, judge and legal agent for said county, hereby agrees to lease, and does hereby lease to De Vitt & Scharbauer, a firm composed of D. M. De Vitt, of San Angelo, Texas, and John Scharbauer, of Midland, Texas, a certain tract of land situated in Hockley County, Texas, and patented to Kaufman County as a part of its free school lands, and containing 960 acres and particularly described as follows [inserting description], for and during the period of three years, at the sum of three (3) cents per acre, payable annually in advance, with the privilege at the expiration of said term of a further lease of two (2) years at such rental price as hereinbefore mentioned, or at such higher rate as may be offered bona fide to said county for said lands.

"It is further provided that said county reserves the right to sell said land at any time, and terminate said lease at the end of any rental year, provided six months' notice thereof shall be given to said De Vitt & Scharbauer prior to the end of any year for which the rent is paid,

and provided also that said De Vitt & Scharbauer shall have the privilege
of buying said lands at such price as the county may see fit to accept, and
which may be bona fide offered for the same by any other party.

"It is expressly agreed that in case said lessees, De Vitt & Scharbauer,.
shall fail to pay the annual rent for thirty days after it shall become
due, said lease shall be at once forfeited, and at an end. It is agreed at.
the termination of this lease, except by forfeiture, the said lessees shall
have the right to remove any improvements they shall place or erect on.
said land. It is further agreed that said lessees shall not take or remove
any wood, coal, stone, or other mineral from said land upon penalty of
forfeiture.

"The said De Vitt & Scharbauer hereby agree to take said land upon
the terms above mentioned, and to pay said rentals and comply with the
terms hereof. The retal year, as herein stated, shall begin August 1st."

Within three years Scharbauer sold out his interest under the contract
to De Vitt, who, with the consent of the county availed himself of the
option to continue the lease for the full term of five years. About Jan-
uary 1, 1899, the county determined to sell the land subject to the lease.
De Vitt being notified of the fact, made a bid of $1 per acre, one-tenth
cash and the balance in ten years with 3 per cent interest. In May,
1899, the county sold and conveyed the land to Ferrell for $1 per acre,
cash. De Vitt had no notice of Ferrell's bid or of the sale until after
it had been consummated. In July, 1899, and soon after learning of the
sale to Ferrell, he offered to pay the county the sum paid by Ferrell and
demanded a deed to the land, claiming to have a prior right to purchase
under the provisions of the lease contract. The proposal was rejected.
The deed to Ferrell recognized the right of De Vitt to hold the land,
under the lease, until the expiration of the full term of five years. De
Vitt brought this suit against the county and Ferrell to compel convey-
ance to him, and to cancel the deed to Ferrell, and tendered the con-
sideration paid by Ferrell. Slaughter, having acquired the Ferrell title,
made himself a party to the suit, set up his claim and, on a trial before
the court without a jury, obtained judgment.

The trial court held, and we think correctly, that the option to buy
applied only in case the county elected to terminate the lease by making
a sale. The purpose of the contract is disclosed by the first clause
thereof, and was the leasing of the land in question by the county to
De Vitt & Scharbauer. If it had been the purpose of the parties, and
one of the objects of entering into the contract, to provide for an un-
conditional option to buy, the same would have naturally appeared in
the first, or in an independent, clause of the contract. But the expres-
sions relating to the option to buy are introduced by a proviso, and in a
clause reserving to the county the right to terminate the lease, before
it would have otherwise expired, by making a sale of the land. The
structure of the entire contract, and especially of the second clause, in-
dicates that it was the intention of the parties to give to De Vitt &
Scharbauer a prior right to purchase only in case the county determined

to sell, and by the sale, shorten the term of the lease, and force the lessees to yield possession before the full term had expired. The right to terminate the lease by sale having been reserved by the county, it was natural that the lessees should desire some protection against such contingency, hence, in case of such sale, the right to buy was insisted upon and conceded. The word "provided" means "on condition," and, therefore the second clause of the contract simply recognizes the county's right to sell, and thereby terminate the lease, on condition of its giving the six months' notice, and on condition also that the lessees should have the first right to purchase. The lease not being affected by the sale made to Ferrell, De Vitt could not complain of the sale, and the right to purchase never accrued in his favor.

De Vitt offered to testify that it was agreed and understood, when the contract was entered into, that the option to buy should be unconditional. The language used in the contract must be held to express the intention of the parties, and the ordinary rules of construction require the conclusion that they did not agree as the proposed testimony would have shown. Such being the case, the evidence of De Vitt, if admitted and considered, would have had the effect to vary the terms of the written contract. The terms of the contract are not ambiguous or uncertain in the sense which permits the explanation thereof by parol, and the court did not err in excluding the evidence. The judgment is affirmed.

*Affirmed.*

Writ of error refused.