Lucious HINDS, Appellant,

v.

Edna MADISON et al., Appellees.

No. 14628.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 27, 1967.

Rehearing Denied Feb. 14, 1968.

Montague & Thurmond, Del Rio, for appellant.

Boyle, Wheeler, Gresham, Davis & Gregory, San Antonio, for appellees.

KLINGEMAN, Justice.

This suit involves the construction of a provision in a grazing lease giving to the lessee an option or preferential right to purchase the leased premises under certain

conditions therein provided. Said suit was instituted on February 6, 1967, by Lucious Hinds, appellant herein, and hereafter referred to as "lessee," against Edna Madison and Mabel Madison Almond, herein referred to as "lessors," J. R. Preston, herein referred to as "Preston," and the Midland National Bank, herein referred to as "Bank," seeking a temporay restraining order and temporary injunction enjoining the sale and purchase of a 14,818.63 acre tract owned by lessors, known as the John Almond Ranch, of which the leased premises were a part, for such time as would be reasonable for the lessee to determine whether to exercise such option or preferential right of purchase, and for a declaration by the court establishing a reasonable time within which lessee might exercise or reject such option or preferential right of purchase. Lessors answered asking that all relief asked by lessee be denied, and also filed a cross-action for a declaratory judgment determining whether lessee had an option or preferential right to purchase such property. Preston and the Bank filed a motion to dismiss in said cause. The trial court, without a jury, denied all relief sought by lessee, and declared and decreed that the option or preference right to purchase contained in the grazing lease terminated by its own terms and provisions on October 1, 1966, and is and has been of no force and effect since the first day of October, 1966.

Under date of August 29, 1962, lessors leased to lessee for grazing purposes 2,849.-28 acres out of a 14,818.63 acre tract owned by lessors, for a term of five years beginning October 1, 1962, and ending October 1, 1967, which said lease provided for an annual rental payment of $1,900.00, payable in semi-annual installments of $950.00 each in advance on the first days of October and April of each year during the term of the lease. The 2,849-acre tract is separated from the rest of the 14,818-acre tract by the Devil's River. Said lease contained the following provision:

"11. This lease is subject further to the right of lessors to sell the leased premises. And in the event of a sale lessors shall have the right to terminate this lease on October 1st of any year by giving to lessee six months prior written notice of such sale and desire to terminate. In this connection, however, in the event of sale, lessee shall have a preference right to purchase the leased premises for such price and upon the same terms and conditions otherwise for which lessors are willing to sell to others."

Said lease also contained a provision giving the lessee a preference right to again lease the premises under certain conditions.[1]

On December 29, 1966, lessors and Preston entered into a written contract for the sale and purchase of the entire 14,818-acre tract, providing for a total consideration of $592,720.00, and such contract, together with an executed deed, signed by the lessors, and executed notes and deed of trust, signed by Preston, was placed in escrow in the bank. Such contract and executed deed both specifically provided that such sale was subject to all valid and existing grazing leases. This sale was never consummated, and on February 13, 1967, the Bank returned such deed to the lessors, and the notes and deed of trust to Preston.

Lessee's first point is that the trial court erred in holding that lessee's option or preference right to purchase terminated on October 1, 1966. In order to resolve this point, it is necessary to determine whether Paragraph 11 of such lease grants to lessee an unconditional preference right to purchase the leased premises at any time during the term of the lease, if the lessors are willing to sell the same to a third person, or

1. "8. At the expiration of the term of this lease should lessors desire to again lease the premises for grazing purposes, lessee shall have a preference right, to lcase said premises for such rental and upon such terms and conditions as lessors at that time would be willing to lease to others."

whether it grants to lessee such preference right of purchase only in the event such sale to another would work an early termination of the lease.

The trial court found, and it is undisputed, that the proposed sale was subject to such grazing lease. It is also undisputed and the trial court found that lessors made no effort to terminate such lease, that the lease contract was still in full force and effect at the time of the trial, and that such proposed sale was never consummated. We think that the case of De Vitt v. Kaufman County, 27 Tex.Civ.App. 332, 66 S.W. 224 (1901, writ ref'd), is directly in point and is controlling. Kaufman County leased a 960-acre tract to De Vitt and Scharbauer, which lease contained an option or preference right of purchase similar to the one in the lease before us.[2] During the term of the lease the County sold such tract to a third person, and the deed of conveyance recognized the right of De Vitt to hold the land under the lease until the expiration of the full five-year term. The Court held that the option to buy applied only in case the lessor elected to terminate the lease by making a sale.

■ The lessors in the case before us could not terminate the lease after October 1, 1966, as the lease provided that any notice to terminate must be given prior to that date. In addition, the proposed sale was made expressly subject to such grazing lease. Lessee additionally contends that the effect of a sale made at any time during the term of the lease would cause lessee to lose his preference right to again lease the premises provided for under Paragraph 8 of such lease, and because of this, this case is distinguishable from De Vitt. Since the proposed sale was made subject to the grazing lease, the purchaser would simply step

in the seller's shoes, and such land would still be subject to all the terms and provisions of said lease. In this regard, see Draper v. Gochman, 400 S.W.2d 545 (Tex. Sup.1966), wherein De Vitt v. Kaufman County is cited. See also Craft v. Kinder, 97 S.W.2d 501 (Tex.Civ.App.—Fort Worth 1936, writ dism'd); 35 Tex.Jur.2d, Landlord & Tenant, § 37. Point of error No. 1 is overruled.

Lessee's points of error Nos. 2 through 8 assert the proposition that the trial court erred in not declaring that lessee has a preference right to purchase the leased premises for a price proportionate to what lessors had contracted to sell the entire ranch for. In support thereof, lessee cites the case of Brenner v. Duncan, 318 Mich. 1, 27 N.W.2d 320 (1947), wherein the lessee of 75 feet out of a 100-foot lot was allowed to enforce his prior right of purchase of such 75-foot parcel for a sum bearing such ratio to the $15,000.00 selling price of the 100-foot lot as the value of the 75-foot parcel bore thereto.

In the case before us, lessee asserts that by a mathematical process of dividing the total sales price of $592,720.00 by 14,818, the number of acres in the whole tract, you arrive at a sales price of $40.00 per acre, and that such proposed sale of the entire ranch was made on a basis of $40.00 per acre. No evidence was introduced as to the value of the 2,849-acre leased tract, and there was no evidence as to whether the acreage was similar to the rest of the acreage. There was no evidence that lessors desired to or would sell the 2,849-acre tract alone, without selling the whole tract, or, if so, at what price they would sell such 2,849-acre tract.

■ New Atlantic Garden v. Atlantic Garden Realty Corp., 201 App.Div. 404, 194 N.Y.S. 34 (1922, affirmed without opinion

2. "It is further provided that said county reserves the right to sell said land at any time, and terminate said lease at the end of any rental year, provided six months' notice thereof shall be given to said De Vitt & Scharbauer prior to the end of any year for which the rent is paid, and provided, also, that said De Vitt & Scharbauer, shall have the privilege of buying said lands at such price as the county may see fit to accept, and which may be bona fide offered for the same by any other party."

in 237 N.Y. 540, 143 N.E. 734), involved a situation where a tenant had a preference right of purchase of a leased tract which was a part of a larger tract which the lessor attempted to sell during the term of the lease. The Court held that the fact that lessor attempted to sell the whole could not be taken, within the terms of the lease, as a manifestation of an intention or desire on the part of the landlord to sell the demised premises so as to give the tenant the right to exercise the option to purchase the same. This holding also finds support in the case of American Oil Co. v. Eastern Market Co. (1945), 60 York Leg.Rec. 33 (Pa.). Lessee's points of error 4 through 8 are overruled.

■ Lessee's points of error Nos. 9, 10 and 11 assert the proposition that under the testimony and record lessee has a preference right to purchase the entire 14,818-acre ranch for the price, terms and conditions provided for in the contract of sale between lessors and Preston. This contention is apparently based upon lessee's testimony to the effect that he had talked to Preston, the purchaser under the proposed contract of sale, and to a lawyer who he stated was representing lessors in such proposed sale, and that he was told that if lessee desired to exercise his option he would have to purchase the entire ranch, and that it was a "package deal." Lessee testified, however, that no one has ever tendered any offer, or extended any offer to him to purchase the entire John Almond ranch.

We do not see how in any way lessee's option or preference right to purchase a portion of the property sought to be sold can be enlarged to cover other lands owned by lessors, or can in any manner cover anything except the property actually subject to the option. In Atlantic Ref. Co. v. Wyoming Nat'l Bank, 356 Pa. 226, 51 A.2d 719, it was held that a provision of a lease of a portion of a parcel of land giving the lessee a preferential right to purchase the demised premises on the terms of an acceptable offer to purchase made by a third person to the lessor, gives the lessee no right to purchase the whole parcel for which a third person has made an offer. A similar holding is found in the case of American Oil Co. v. Eastern Market Co., supra. Points of error Nos. 9, 10 and 11 are overruled.

■ Points of error Nos. 12, 13 and 14 assert that the trial court erred in not granting lessee the injunctive relief asked by him, and in refusing to declare or establish a period of time within which lessee may elect to exercise or reject the preferential right of purchase. The trial court held that lessee's option or preferential right of purchase terminated by its own terms and provisions on October 1, 1966, which holding we have approved. The trial court further found and it was undisputed, that at the time this case was tried the proposed sale from lessors to Preston had been terminated by mutual consent and agreement. Under the record, the injunctive relief was properly denied. These points of error are overruled.

The judgment of the trial court is affirmed.