A. P. SIMONS COMPANY, Appellant,

v.

John E. JULIAN et al., Appellees.

No. 4812.

Court of Civil Appeals of Texas, Eastland.

Dec. 19, 1975.

H. T. Bowyer, Bowyer, Thomas & Sweet, Dallas, for appellant.

John Fox Holt, Holt & Hirsch, E. Taylor Armstrong, Storey, Armstrong & Steger, Dallas, for appellees.

McCLOUD, Chief Justice.

Plaintiff, A. P. Simons Company, sued John E. Julian, Mildred Julian Christie, Rose Ann Julian Smith, John E. Julian, Jr., and Julian Enterprises, Inc., seeking to establish a right of "first refusal" to purchase approximately 100 acres of land. The trial court granted defendants' motion for instructed verdict and plaintiff has appealed. We dismiss the cause for want of jurisdiction because there is no justiciable controversy.

Plaintiff entered into a lease agreement with Julian Enterprises dated January 1, 1966, for a term of 15 years, covering 3.659 acres of land. The lease provided:

"17th. It is understood and agreed Lessor may cancel this lease in case of sale of the property provided:

A. Lessor pays to Lessee the unamortized cost of repairs and improvements which would have been amortized during the remaining term of the lease, and

B. Lessee has right of first refusal to purchase the demised premises, and/or the approximately 100 acres of land in the G. W. Fisher Survey situated at the northwest corner of Belt Line Road and Noel Road in the City of Addison, Dallas County, Texas, such property fronting on Belt Line and Noel Roads. Lessor will tender Lessee a written bona fide offer by any third party for purchase of the acreage, and Lessee will have ten (10) days thereafter to tender written exercise of his option to purchase on the same terms and conditions."

John E. Julian signed the lease as president of Julian Enterprises, Inc., a family corporation, which is owned by John E. Julian and his three children, Mildred Julian Christie, Rose Ann Julian Smith, and John E. Julian, Jr. Julian Enterprises, Inc., owned on January 1, 1966, the 3.659 acres described in the lease, but it did not own any interest in the "approximately 100 acres" mentioned in paragraph 17 copied above. This property was owned individually by John E. Julian and his three children. In a deed dated January 6, 1969, John E. Julian gave his interest in this property to his children.

A. P. Simons testified he first learned in 1970 that the children claimed ownership of the 100 acres and he filed the instant suit to protect his interests.

Plaintiff alleged a statutory trespass to try title suit, various equitable remedies, and alternatively sought a declaratory judgment. Although a trespass to try title suit was alleged, Simons does not claim a present right of possession of the 100 acres, nor does plaintiff claim a present absolute right to purchase the property.

Plaintiff's first supplemental petition states plaintiff's position as follows:

". . . Simons stands ready and willing to purchase said 100 acres on the same terms and conditions of any written bona fide offer by any third party for the purchase of said acreage within ten days after receiving written notice thereof or lose his right of refusal, as provided for in said lease. That Plaintiff does not desire nor does he assert any right to purchase said 100 acres for less than the Defendants Julian can sell it to any other prospective bona fide purchaser."

It is clear from the entire record Simons is seeking a determination that plaintiff has a right of first refusal.

In discussing a right of "first refusal" this Court in *Henderson v. Nitschke,* 470 S.W.2d 410 (Tex.Civ.App.—Eastland 1971, writ ref. n. r. e.), approved the following language:

". . . So under a lease provision for a first option to purchase the premises at such price as might be agreed on between the lessor and any bona fide purchaser,

prior to the making of an actual agreement as to price between the lessor and a prospective purchaser, *the lessee has no accrued right of purchase, but only a promise thereof which for fruition is wholly dependent on a future event which might never occur.*" (Emphasis added)

The court in *De Vitt v. Kaufman County,* 27 Tex.Civ.App. 332, 66 S.W. 224 (1901, writ ref.), said:

" . . . The structure of the entire contract, and especially of the second clause, indicates that it was the intention of the parties to give to De Vitt & Scharbauer a prior right to purchase only in case the county determined to sell, and by the sale shorten the term of the lease, and force the lessees to yield possession before the full term had expired."

See also: *Draper v. Gochman,* 400 S.W.2d 545 (Tex.1966), 34 A.L.R.2d 1153.

In the instant case plaintiff relies on the January 1, 1966 lease. The lease is in full force and effect, there has been no sale of the property, and plaintiff is in possession of the leased premises.

■ There must be a justiciable controversy between the parties before a declaratory judgment action will lie. *California Products, Inc. v. Puretex Lemon Juice, Inc.,* 160 Tex. 586, 334 S.W.2d 780 (1960); *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968).

In *Reuter v. Cordes-Hendreks Coiffures, Inc.,* 422 S.W.2d 193 (Tex.Civ.App.—Houston (14th Dist.) 1967, no writ), the parties had entered into a settlement agreement whereby appellants were not to engage in the practice of cosmetology within a certain area. The appellants brought suit to declare the agreement void under the Texas anti-trust statutes and, in the alternative, sought reformation of the agreement. The court noted:

" . . . Nowhere, however, does the record reflect a present or prospective intention on the part of the appellants to engage in the practice of cosmetology in the prohibited area. The record does not indicate the imminence of litigation between the parties unless the contractual uncertainties were judicially declared."

In holding there was no justiciable controversy, the court said:

"We are of the opinion that the plaintiffs' proof in this record presents no 'actual, genuine, live, controversy.' A declaratory judgment in this instance would be in the nature of an advisory opinion that might or might not affect the future relations of the parties, that might or might not afford 'specific relief,' that might or might not affect the 'legal relations' of the parties. Whether or not it did so, in each instance, would have to be later determined by what, if any, subsequent action the parties took. 'The court will not declare rights on facts which have not arisen or adjudicate matters which are contingent, uncertain, or rest in the future. A future right or interest which is dependent on a contingency or event which may never happen is not the proper subject of a declaratory judgment.' 26 C.J.S. Declaratory Judgments, § 28, p. 104."

See also: *Orange Independent School District v. West Orange Independent School District,* 390 S.W.2d 81 (Tex.Civ.App.—Beaumont 1965, writ ref. n. r. e.); *Laborers' International Union of North America, Construction, etc. v. Blackwell,* 482 S.W.2d 327 (Tex.Civ.App.—Amarillo 1972, no writ).

The court in *Firemen's Insurance Company of Newark, New Jersey v. Burch,* 442 S.W.2d 331 (Tex.1968), said:

" . . . the Declaratory Judgments Act gives the court no power to pass upon hypothetical or contingent situations, or determine questions not then essential to the decision of an actual controversy, although such questions may in the future require adjudication."

■ Plaintiff seeks the answer to a hypothetical or contingent situation. Plaintiff is

given certain rights under paragraph 17, *if* the lease is cancelled and the property sold. These contingent conditions have not occurred and may never occur.

Plaintiff failed to prove a justiciable controversy. The cause is dismissed for want of jurisdiction.