Helen Dailey HOLLAND, Appellant,

v.

Milton FLEMING, et al., Appellees.

No. 01–86–0386–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1987.

Rehearing Denied March 19, 1987.

James Schweitzer, Galveston, for appellant.

Robert E. Bastien, Tramonte, Apffel, Urbani & Tramonte, Galveston, for appellees.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a judgment for specific performance, requiring the appellant to honor a preemptive right to purchase certain real property. We reverse and render.

The essential facts are undisputed.

In 1976, the appellant, as lessor, executed a grazing lease with appellees, as lessees, covering a 10–acre tract (excepting two acres) in Galveston County. The lease was for an initial term of one year, but provided for annual renewals, at the lessees' option. The lease also provided that the lessees had a "first right of refusal to purchase this property within 30 days at the same price offered by any other bona fide purchaser, in writing, prior to the expiration hereof." On May 29, 1984, appellant entered into an earnest money contract with a third party to sell the entire 10–acre tract for $55,000, but two days later, on June 1, 1984, the appellant and the third party canceled their agreement. About two weeks later, appellees discovered that a contract had been executed for the sale of the property, and they notified appellant of their intent to exercise the "first right of refusal." The appellant then rejected the appellees' claim, and the appellees brought this action for specific performance. After a non-jury trial, the court entered judgment for the appellees, ordering the appellant to consummate a sale of the eight acres to the appellees on the same terms and conditions as set forth in the appellant's earlier earnest money contract, but for a purchase price determined by the proportionate amount that the leased premises (8 acres) bore to the total acreage (10 acres) covered by the earnest money contract. No findings of facts were made or requested.

On this appeal, the appellant contends: (1) that the appellees failed to prove by a preponderance of the evidence that they had an effective written lease at the time they purported to exercise their contractual first right of refusal; and (2) that the appellees' right never matured because of the cancellation of the earnest money contract before the expiration of a reasonable amount of time within which appellant was required to notify appellees of her agreement to sell to the third party.

We have concluded that the first point of error should be overruled, and the second point sustained.

In view of this disposition, we need not discuss an unassigned issue regarding the enforceability of the first right of refusal provision under the particular circumstances of the case. This issue is whether, under the evidence presented, the preemptive right could be specifically enforced as to the eight acres under lease, when the appellant's earnest money contract evidently covered the entire 10–acre tract. *See Hinds v. Madison*, 424 S.W.2d 61 (Tex.Civ. App.—San Antonio 1967, writ ref'd n.r.e.). Neither need we consider the legal sufficiency of the property descriptions in any of the instruments in question.

■ Under appellant's first point of error, she argues that the appellees failed to prove by a preponderance of the evidence that their written lease was still in effect at the time of the exercise of the preemptive right. The answer to this question depends upon which of two lease documents in evidence represented the parties' agreement. Both leases are practically identical, except that one (introduced by appellant) gave the lessees an optional right to renew for a period of four consecutive years, while the other (introduced by appellees) provided for optional renewal over a period of 10 consecutive years.

The appellant was called as the appellees' first witness, and on examination by appellees' counsel, she identified the 10–year lease and acknowledged her signature thereon. She testified that "this is the lease I entered into when I had Mr. Schwab, an attorney, draw this up." Later during trial, one of the appellees, Patricia Fleming, testified that she and her husband had been renting the property from appellant under the 10–year lease, and stated that the four-year lease was "one of the first leases we had drawn up." Although the four-year lease was admitted into evidence, there was no testimony by either party that the four-year lease was ever an effective contract.

The appellant contends that the evidence is "equally balanced" as to the validity of the respective leases, and that under such circumstances we must hold that because the appellees had the burden of proof, they failed to meet that burden. In support of this contention, the appellant cites *Clark v. Hills*, 67 Tex. 141, 149–150, 2 S.W. 356, 360 (1886). The case cited by appellant has no application here. In *Clark*, the court was concerned only with the placing of the burden of proof in a jury instruction, not with the sufficiency of the evidence to support the jury's finding. We find that the trial court's implied finding, i.e., that the 10–year lease was valid, is supported by legally and factually sufficient evidence, and the trial court could reasonably have decided that the 10–year lease, admittedly executed by both parties, was the effective agreement. We overrule the appellant's first point of error.

We next consider appellant's contention that the appellees' right of first refusal never matured, because her earnest money contract with the third party was canceled before she gave or was required to give notice to appellees of her election to sell.

■ A preemptive right to purchase merely requires the owner, when and if she decides to sell, to offer the property first to the person holding the preemptive right at the stipulated price and terms. It has been said that the preemptive right "ripens into an option when the owner has elected to sell." 77 Am.Jur.2d *Vendor and Purchaser* § 49 (1975), *cited with approval in Sanchez v. Dickinson*, 551 S.W.2d 481 (Tex. Civ.App.—San Antonio 1977, no writ). Where, as here, the owner is required to notify the holder of the preemptive right of his election to sell, the right matures into

an enforceable option when the owner gives the required notice. *See Henderson v. Nitschke*, 470 S.W.2d 410 (Tex.Civ.App. —Eastland 1970, writ ref'd n.r.e.).

We generally agree with the appellees' position that when an owner elects to sell property that is subject to a preemptive right of purchase, she must give the holder of the right an opportunity to purchase the property at the same price and terms offered by the third party. *See Sanchez v. Dickinson*, 551 S.W.2d at 481. But we disagree with appellees' argument that a right of first refusal necessarily matures when the owner first forms the intent to sell. Therefore, we hold that the appellees' preemptive right did not mature until the appellant was required to give notification of her election to sell. *See Henderson v. Nitschke*, 470 S.W.2d at 414.

Upon executing the sales contract, the appellant had a reasonable amount of time within which to notify appellees of the terms of the proposed sale. The earnest money contract was in effect for only several days before it was canceled by mutual agreement. When the sales contract ended, that terminated the appellant's obligation to give notification to the appellees. There was no longer a pending sale, and the preemptive right of purchase never matured into an enforceable option.

We sustain the appellant's second point of error, reverse the trial court's judgment, and render judgment that appellees take nothing by their suit. All costs, from the trial court and on this appeal, are adjudged against appellees.