**TEXAS STATE OPTICAL, INC., Appellant,**

v.

**David WIGGINS, O.D., Katherine Kernek, Individually and as Executrix of the Estate of Dr. D.P. Kernek, Kernek Optical, Inc., Huntsville Eye Associates, Inc., Universal Surety of America, and Dr. Ralph G. Berkeley, M.D. and Associates, D/B/A Houston Eye Clinic, Appellees.**

**Nos. 01–92–01006–CV, 01–93–00273–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 2, 1994.

Rehearing Overruled July 7, 1994.

Steven M. Zager, David J. Healey, Joe Michels, Eugene R. Egdorf, Houston, for appellant.

Andrew R. Harvin, Houston, for appellees.

Before COHEN, HEDGES and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

Appellant, Texas State Optical, Inc. (TSO), appeals from a temporary injunction enjoining TSO from purchasing Kernek Optical, Inc. and Huntsville Eye Associates, Inc., and also appeals from a denial of its motion to dissolve the temporary injunction.[1] *See* TEX. CIV.PRAC. & REM.CODE ANN. § 51.014(4) (Vernon Supp.1994). We order the temporary injunction dissolved and remand the cause.

The following facts are uncontroverted. In 1978, Dr. D.P. Kernek entered into an Associate Agreement with TSO. Under the Associate Agreement, Dr. Kernek purchased a retail store for the sale of eye wear, a professional optometry practice, and the right to use the TSO trade-name and trademarks. Approximately 10 years ago, Dr. Kernek incorporated his TSO associate business into two corporations, Huntsville Eye Associates, Inc., which provides professional optometry services, and Kernek Optical, Inc., which operates as a retail eye wear store. The Associate Agreement between Kernek and TSO contained a provision under which TSO retained a "right of first refusal" to purchase "on the same terms" Dr. Kernek's business if Dr. Kernek received a bona fide offer from a third party to purchase the business.[2]

---

1. The temporary injunction was granted in cause number 18004, which was pending in the 12th District Court of Walker County, Texas. Cause number 18004 was then consolidated with cause number 17993–C, which is pending in the 278th District Court of Walker County, Texas. The motion to dissolve the temporary injunction was heard in the 278th District Court after consolidation. This Court consolidated the appeal from the temporary injunction and the appeal from the denial of the motion to dissolve the temporary injunction. Wiggins is the only appellee to file a brief in the appeal.

2. The Associates Agreement states: "In the event of a bona fide offer in writing by a Third Party to purchase the office, and the Second Party [Dr. Kernek] desires to sell on the basis of such bona fide offer, Second Party agrees to first offer the First Part[y] [TSO] the same opportunity to purchase on the same terms. In the event of a refusal to so purchase by First Part[y], Second

In March 1991, Dr. Kernek became ill. Katherine Kernek, Dr. Kernek's wife, employed David Wiggins, O.D., on a part-time basis at Huntsville Eye Associates, Inc. from March 1991 through January 1992. Dr. Kernek died in January 1992, leaving control of the business to Katherine Kernek. Wiggins began working full-time at Huntsville Eye Associates, Inc. in February 1992. On July 2, 1992, Wiggins and Katherine Kernek entered into the Stock Sale Agreement for Wiggins to purchase the stock of Huntsville Eye Associates, Inc. and Kernek Optical, Inc., subject to TSO's right of first refusal.

On July 23, 1992, Katherine Kernek notified TSO of the Stock Sale Agreement pursuant to TSO's right of first refusal. In a letter agreement, Wiggins, TSO, and Katherine Kernek agreed that TSO must exercise its right of first refusal by August 7, 1992, and that the closing date would be August 14, 1992. On August 7, 1992, TSO notified Katherine Kernek by letter that TSO was exercising its right of first refusal with respect to Wiggins' offer. Further, the letter stated that TSO reserved the right to dispute whether certain clauses in the Stock Sale Agreement were "(1) not commercially reasonable, (2) not imposed in good faith, or (3) designed to defeat TSO's right of first refusal so as to render [the clauses] unenforceable as against TSO under Texas law." TSO's letter stated that the provisions that concerned TSO included (1) the provision giving a buyer's commission to Wiggins after closing, not from the sales price but from the corporations, and (2) the provision giving one-year employment contracts to certain employees then employed by the corporations.

Also on August 7, 1992, TSO filed a declaratory judgment action in the 278th District Court to determine its obligations with respect to the buyer's commission and employment contracts provisions.

On August 20, 1992, Wiggins filed suit in the 12th District Court seeking declaratory relief and specific performance. On September 2, 1992, the trial court entered a temporary injunction barring TSO and Katherine Kernek from completing the sale. The trial court found that Wiggins would probably

prevail on the merits primarily because TSO did not properly exercise its right of first refusal, which therefore operated as a rejection of its right of first refusal.

On September 30, 1992, the two lawsuits were consolidated into the cause pending in the 278th District Court. As a result of evidence produced during pretrial discovery, TSO filed a motion to dissolve the temporary injunction. The trial court denied TSO's motion. TSO appeals the granting of the temporary injunction, and the trial court's denial of TSO's motion to dissolve the temporary injunction.

In its third and fourth points of error in the appeal from the granting of the temporary injunction, TSO complains that the trial court erred in concluding that TSO did not properly exercise its right of first refusal, and in concluding that Wiggins would prevail on his claim for specific performance.

 On review of a temporary injunction, a trial court's decision will be reversed only if the record shows a clear abuse of discretion. *Texas Foundries, Inc. v. International Molders & Foundry Workers' Union,* 151 Tex. 239, 248 S.W.2d 460, 462 (1952); *Valero Transmission Co. v. Mitchell Energy Corp.,* 743 S.W.2d 658, 661 (Tex.App.—Houston [1st Dist.] 1987, no writ). Discretion is abused in entering a temporary injunction when the law is misapplied to established facts. *State v. Southwestern Bell Tel. Co.,* 526 S.W.2d 526, 528 (Tex.1975).

 TSO correctly asserts that the issue of Wiggins' likelihood of prevailing on the merits rests on the question of whether TSO properly exercised its right of first refusal. TSO's right of first refusal, or "preemptive right," required Mrs. Kernek to offer the business to TSO under the same terms and conditions contained in a bona fide offer received from a third party. TSO's preemptive right became an option when Mrs. Kernek had such an offer from Wiggins and elected to sell. *Holland v. Fleming,* 728 S.W.2d 820, 822 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The exercise of an option, like the acceptance of any other offer, must be

Party must then accept such bonafide offer by the Third Party."

positive and unequivocal. *Austin Presbyterian Theological Seminary v. Moorman*, 391 S.W.2d 717, 720 (Tex.), *cert. denied*, 382 U.S. 957, 86 S.Ct. 434, 15 L.Ed.2d 361 (1965); *Scott v. Vandor*, 671 S:W.2d 79, 84 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.). As a general rule, an acceptance of an offer must not change or qualify the terms of an offer, and if it does, the offer is rejected. *Chapman v. Mitsui Eng'g & Shipbuilding Co.*, 781 S.W.2d 312, 316 (Tex.App.—Houston [1st Dist.] 1989, writ denied). With regard to an option, generally a purported acceptance containing a new demand, proposal, condition, or modification of the terms of the offer is not an acceptance, but a rejection. *Hutcherson v. Cronin*, 426 S.W.2d 638, 641 (Tex.Civ.App.—Tyler 1968, no writ).

■ However, there is an exception to the general rule: if a seller imposes a term in bad faith to defeat an option, the option holder may validly exercise the option while at the same time rejecting the bad faith term. *West Texas Transmission, L.P. v. Enron Corp.*, 907 F.2d 1554, 1566 (5th Cir. 1990), *cert. denied*, 499 U.S. 906, 111 S.Ct. 1105, 113 L.Ed.2d 215 (1991). The Fifth Circuit in *West Texas Transmission* reviewed Texas law on options, and concluded that a holder of a right of first refusal has grounds to remove specific conditions from the contract, or to extract other concessions as part of the agreement, if the offered contract contains conditions that are not commercially reasonable, are imposed in bad faith, or are specifically designed to defeat the option holder's rights. 907 F.2d at 1563. We agree with the Fifth Circuit's conclusions in *West Texas Transmission*.

TSO asserted in the trial court, and argues on appeal, that the two disputed clauses are not commercially reasonable, were imposed in bad faith, and are designed to defeat its preemptive rights. Therefore, TSO argues, it was entitled to reserve the right to dispute those provisions, and it properly exercised its right of first refusal when it accepted the rest of the terms of the offer, and filed suit for a declaratory judgment with regard to the terms it questioned. It is relevant that TSO did not outright reject the disputed terms; it reserved the right to have a court determine whether the terms should be excluded.

On appeal, both sides agree that the trial court did not reach the issue of whether the disputed clauses were commercially unreasonable, or were included in bad faith to defeat TSO's right of first refusal. Rather, the basis for the trial court's ruling was simply that TSO did not accept every term of the offer "dot for dot," and therefore the trial court concluded TSO's attempted exercise of its right of first refusal was ineffective. Because it is clear that the trial court did not apply the controlling law to the facts in arriving at its decision, it abused its discretion. *Southwestern Bell Tel. Co.*, 526 S.W.2d at 528. Accordingly, we sustain TSO's third and fourth points of error in its appeal from the granting of the temporary injunction against it.

In its first point of error in its appeal of the denial of its motion to dissolve the temporary injunction, TSO contends that the trial court abused its discretion when it denied the motion to dissolve because TSO presented new evidence that proved TSO properly exercised its right of first refusal. TSO's new evidence is the loan agreement between Wiggins and Houston Eye Clinic, the party providing Wiggins with the financing to purchase the business. The loan agreement provides that immediately following the sale, Wiggins would waive the buyer's commission provided for under section 8.01 of the Stock Sale Agreement.[3] TSO argues that the loan agreement is new and unequivocal evidence that the buyer's commission was not a bona fide part of Wiggins' offer but a sham because Wiggins never intended to take the commission once the sale closed. TSO, again citing *West Texas Transmission*, asserts that it was only required to match those terms in Wiggins' offer that were commercially reasonable and made in good faith.

As with the granting of a temporary injunction, the trial court has broad discretion

---

**3.** Again, the Stock Sale Agreement provided a buyer's commission to Wiggins to be paid by the corporations after closing to reimburse Wiggins his costs and expenses associated with the transaction.

to decide whether to dissolve a temporary injunction. *Cellular Mktg. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex.App.— Houston [14th Dist.] 1990, no writ). On appeal, our review is limited to the narrow question of whether the trial court abused its discretion in denying the motion to dissolve the temporary injunction *Id.*

Again, both sides concede that the trial court did not apply the guiding rules and principles, set out under our discussion of points of error three and four, to the facts of this case. Therefore, for the reasons discussed above, we sustain TSO's first point of error in its appeal of the denial of its motion to dissolve.

In light of the foregoing, it is unnecessary for us to reach the merits of the remaining points of error, and we decline to do so.

We vacate the temporary injunction order of the trial court, order the temporary injunction dissolved, and remand this case to give the trial court an opportunity to apply the correct law to the facts.

### ORDER ON REHEARING

PER CURIAM.

On this day came on to be considered the appellees', David R. Wiggins, O.D., motion for rehearing. And such motion is hereby **OVERRULED.**

It is so ordered.

COHEN, Justice, dissenting on rehearing.

On original submission, I joined the panel's decision to dissolve the temporary injunction and remand the cause for another temporary injunction hearing at which the trial judge would apply the legal standard stated in *West Texas Transmission, L.P. v. Enron Corp.*, 907 F.2d 1554 (5th Cir.1990), *cert. denied*, 499 U.S. 906, 111 S.Ct. 1105, 113 L.Ed.2d 215 (1990). Upon further consideration, I would affirm the judgment.

The majority opinion employs an appeal from a temporary injunction to establish a new rule of Texas law. The new rule is based solely on a Fifth Circuit opinion that claims to apply Texas law, but the Texas cases it relies on did not make the holdings

for which they are cited. I believe that the *West Texas Transmission* case did not follow Texas law; rather, it created new law. The opinion in *West Texas Transmission* is long, loose, and hard to understand. Its declaration of Texas law is questionable, even if it ultimately proves to be correct. Moreover, the Fifth Circuit was reviewing a final judgment following a full trial with a complete record. We are reviewing an interlocutory order before all the facts have been developed in a full trial on the merits. Given that the rule of law announced is new, that its application is difficult (for me at least), and that we do not have a complete record, I would defer to the trial court's judgment. I would follow the rule set out in *Liberty Mut. Ins. Co. v. Mustang Tractor and Equipment Co.*, 812 S.W.2d 663, 666 (Tex.App.—Houston [14th Dist.] 1991, no writ), which affirmed an order granting a temporary injunction and declared:

> It cannot be said that the trial judge clearly abused his discretion when the state of the law on an issue is undecided. Given evidence of a probable right to recovery, the trial court may grant an injunction and reserve difficult questions of law and fact for full development at trial.

The weaknesses of the *West Texas Transmission* opinion are apparent upon examination. Its first major holding applicable to this case is the statement that:

> [T]he owner of property subject to a right of first refusal remains master of the conditions under which he will relinquish his interest, as long as those conditions are commercially reasonable, imposed in good faith and not specifically designed to defeat the preemptive rights.

907 F.2d at 1563. The only Texas authority cited for this proposition is *Holland v. Fleming*, 728 S.W.2d 820, 823 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.); however, the *Holland* opinion does not say that. After citing authority from other states, the Fifth Circuit concludes:

> Where the owner meets these three standards, the holder of the right of first refusal lacks grounds to remove specific condi-

tions from the contract, or to extract other concessions as part of the agreement.

907 F.2d at 1563. No authority is cited for this statement, which is the basis for the majority's holding that the holder of the right of first refusal may remove specific conditions from the contract or extract other concessions if the conditions of the offered contract were not commercially reasonable, were imposed in bad faith, or were specifically designed to defeat the option holder's rights. The only other Texas cases relied on by the Fifth Circuit for this proposition are also not in point. *Id.* at 1566.

I agree with my colleagues and with the Fifth Circuit that sellers and buyers should not be allowed to defeat a right of first refusal by creating terms that are a sham. Nevertheless, this difficult issue is best resolved after a full trial and a final judgment. I think we have both a weak record and a weak opinion in *West Texas Transmission* on which to announce a new rule of law. Thus, I would hold that the trial judge did not abuse his discretion in preserving the status quo pending a final judgment.

I respectfully dissent.