NO. 07-02-0258-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

APRIL 1, 2003

_____

JACK A. CARLTON, APPELLANT

V.

COBANK, INC., A/K/A NATIONAL BANK FOR COOPERATIVES,
A/K/A COBANK, ACB, A/K/A ASSOCIATED COLORADO BANKS, INC.
AND H.C. BRILLHART, JR., APPELLEES

_____

FROM THE 84TH DISTRICT COURT OF OCHILTREE COUNTY;

NO. 10261; HONORABLE WILLIAM D. SMITH, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**[2]

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

[2]Tex. R. App. P. 47.2(a).

Jack A. Carlton challenges a take-nothing judgment on his action against CoBank, Inc., f/k/a National Bank for Cooperatives, a/k/a CoBank, ACB, a/k/a Associated Colorado Banks, Inc. (CoBank) and H.C. Brillhart, Jr., and the award of attorney's fees and court costs against him. By his first three issues, Carlton contends the trial court erred because: (1) as submitted, question one of the jury charge deprived Carlton of the submission of his DTPA[3] claims; (2) question number one was not a broad form question and amounted to a comment on the weight of the evidence; and (3) it denied Carlton's motion to impose a constructive trust on the monies received by Brillhart.

Next, Carlton asserts the evidence conclusively established: (4) CoBank committed fraud against him, and the jury's finding of no fraud was against the great weight and preponderance of the evidence; (5) CoBank engaged in deceptive trade practices against him; (6) he sustained out-of-pocket damages directly related to the inability to purchase the equipment, and the jury's finding of no damages was against the great weight and preponderance of the evidence; (7) his bid letter conformed to the bid offering letter, and the jury's finding to the contrary was against the great weight and preponderance of the evidence; and (8) as a matter of law, he sustained damages, his bid conformed with the bid offering letter, and CoBank committed fraud.

---

[3]The subchapter under which appellant proceeded is designated the Deceptive Trade Practices-Consumer Protection Act. Tex. Bus. & Com. Code Ann. § 17.41, *et seq.* (Vernon 2002). For the sake of brevity, we will refer to the act as the DTPA.

Finally, Carlton maintains (9) his DTPA claims were not groundless, and (10) the trial court erred by granting the declaratory relief requested by CoBank and Brillhart because declaratory judgment actions could not be asserted as counterclaims for a dispute already pending before the trial court. Based upon the rationale expressed herein, we affirm.

Stramit USA was a strawboard manufacturing business located in Perryton, Texas that went out of business. Brillhart, a resident of Perryton, was a Stramit investor and a member of the Board of Directors. CoBank, which had offices in Wichita, Kansas, loaned money to Stramit, and secured its loan with strawboard manufacturing equipment.

In 1996 Stramit defaulted on its loans to CoBank and ceased operations. Initially, Stramit attempted to voluntarily liquidate the equipment, primarily through the efforts of a few of its board members, including Brillhart. When those efforts failed, however, CoBank decided to proceed with a foreclosure sale.

CoBank did not have an office or representative in Perryton. When Brillhart offered to show the equipment to prospective buyers, CoBank gave him a key to the Stramit building. CoBank then instructed Carlton and other interested persons to contact Brillhart or Carl Ellis, one of the other board members, about inspecting the equipment.

On November 13, 1996, CoBank sent invitations to bid on the equipment to a number of prospective buyers, including Carlton and Brillhart. After contacting Brillhart,

3

Carlton went to Perryton and inspected the equipment. At that time, Brillhart told Carlton he intended to bid on the equipment. According to Carlton, Brillhart also told him that he was the agent for CoBank and would get the "last look" at the bids. In addition to the Perryton trip, Carlton traveled to England to confer with the manufacturer of the equipment.

On December 2, 1996, the bids were opened at the CoBank office in Wichita. Although Carlton's bid was the highest, CoBank declined to accept it because the bid imposed conditions on the sale not included in the solicitation letter. CoBank then accepted the lower bid of Brillhart, and the equipment was sold to him.

By his trial pleadings, Carlton alleged five causes of action, which he designated as (1) fraud against CoBank and Brillhart; (2) conspiracy between CoBank and Brillhart; (3) agency; (4) deceptive trade practices under the Texas DTPA; and (5) breach of contract. In addition to defenses, CoBank and Brillhart presented counterclaims seeking the award of attorney's fees on the basis that Carlton's DTPA action was groundless and, alternatively, under the Uniform Declaratory Judgments Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.001, *et seq.* (Vernon 1997). Based upon the jury findings, the trial court signed a judgment denying Carlton any recovery and awarding CoBank and Brillhart each attorney's fees in the amount of $17,500.

At the outset, we note that issues three and six address claims against only Brillhart while issues one, two, four, five, seven, and eight address claims against CoBank alone.

Issues nine and ten address the award of attorney's fees to CoBank and Brillhart. Because Carlton's contentions are not common as to CoBank and Brillhart, we will divide our analysis into three sections.

Claims Against Brillhart

By his third issue, Carlton contends the trial court erred in denying his motion to impose a constructive trust on the monies received by Brillhart. We disagree. The trial court signed a take-nothing judgment against Carlton on March 21, 2002. Because Carlton did not file his motion to impress a constructive trust until June 10, 2002, more than 30 days after the judgment was signed, his motion was not timely filed. *See* Tex. R. Civ. P. 329b(g). Moreover, a constructive trust is imposed to redress wrong or prevent unjust enrichment. Trostle v. Trostle, 77 S.W.3d 908, 915 (Tex.App.--Amarillo 2002, no pet.). In this case, Carlton offered no evidence to establish Brillhart was unjustly enriched. Carlton's third issue is overruled.

By his sixth issue, Carlton contends the evidence established he sustained out of pocket damages directly related to his inability to purchase the equipment, and the jury finding of no damages was against the great weight and preponderance of the evidence.[4] We disagree. By its answer to question eight, the jury found Brillhart's conduct was not

---

[4]Though Carlton does not identify which jury question he challenges under this issue, we presume he disputes the finding of zero damages in response to question number eight.

the proximate cause of any damages to Carlton. The evidence, Carlton contends, established he sustained out-of-pocket damages as a result of traveling to Perryton and elsewhere in preparation for his bid. However, the record reveals Carlton went to Perryton at the suggestion of CoBank's representative Dave Ehret, not Brillhart. Moreover, by Carlton's own admissions, Brillhart did not say or do anything to cause him to do anything except travel to England to speak with the equipment manufacturer. The jury could easily have found Carlton's travel expenses to England were unreasonable and not a foreseeable result of Brillhart's alleged conduct. Consequently, the jury's findings that Carlton suffered no damages is not against the great weight and preponderance of the evidence. Carlton's sixth issue is overruled.

## Claims Against CoBank

By his first issue, Carlton maintains the inclusion of jury question one was reversible error because it deprived him of the submission of his DTPA claims. Specifically, Carlton complains it was error for the trial court to submit questions two, three, and four conditioned on the jury's answer to question one. Then, by his second issue, he contends the inclusion of question one was reversible error because it was not a broad form question and amounted to a comment on the weight of the evidence. We disagree.

Because issues one and two raise questions of charge error, we will consider them together. At the charge conference, Carlton's counsel announced:

6

> Your Honor, for the record Plaintiff will object to the inclusion of Question 1. We think it is a question that deals ultimately with the issue here and it's not in broad form. Other than that, we have no objection.

A party must object and distinctly point out the objectionable matter and grounds of an objection. Tex. R. Civ. P. 274. An objection that does not meet both requirements of the rule does not preserve error for appeal. Castleberry v. Branscum, 721 S.W.2d 270, 276 (Tex. 1986). Carlton's objection at the charge conference did not challenge the conditional nature of questions two, three, and four. Neither did his trial objection elaborate on how question one was harmful or erroneous for not being in broad form, nor did the objection challenge the question as a comment on the weight of the evidence. Accordingly, Carlton's contentions were not preserved. See Scurlock Permian Corp. v. Brazos County, 869 S.W.2d 478, 484 (Tex.App.--Houston [1st Dist.] 1993, writ denied) (holding an objection at trial that is not the same as the objection urged on appeal presents nothing for appellate review). Furthermore, the manner in which the jury is charged is generally within the discretion of the trial court. Campbell v. C.D. Payne & Geldermann Sec., Inc., 894 S.W.2d 411, 420 (Tex.App.--Amarillo 1995, writ denied). Considering the announcement of counsel at the charge conference, we conclude the trial court did not abuse its discretion in submitting the questions as it did. Issues one and two are overruled.

By his fourth issue, Carlton asserts the evidence conclusively established CoBank committed fraud, and the jury finding of no fraud was against the great weight and preponderance of the evidence. Specifically, Carlton maintains CoBank misrepresented the manner in which the sale of the equipment would be conducted, the operational status of the equipment, the outcome of the sale, and the existence of liens on the equipment. We disagree.

The elements of common law fraud are that: (1) a material misrepresentation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the representation was made with the intention that it be acted upon by the other party; (5) the party acted in reliance upon the representation; and (6) the party suffered injury. Johnson & Higgins of TX v. Kenneco Energy, 962 S.W.2d 507, 524 (Tex. 1998). The trial court in this case submitted essentially the same definition of fraud to the jury in question five.

Assuming *arguendo* CoBank, in fact, made misrepresentations to Carlton regarding the bid process and the equipment to be sold, Carlton offered no testimony to establish he relied upon those misrepresentations or that they caused him any damages. Therefore, we cannot say the jury's finding that CoBank did not engage in fraud is against the great weight and preponderance of the evidence. Carlton's fourth issue is overruled.

8

Carlton contends by his seventh issue that the jury finding related to his bid letter was against the great weight and preponderance of the evidence. We disagree. In response to CoBank's invitation to bid, Carlton submitted a written bid on December 1, 1996, conditioned upon the following terms:

> [CoBank] providing title in Fee, free of any other leins [sic], mortgage assesments [sic], or any other form of encumberance [sic] what ever [sic].
>
> [CoBank's] indemnification against any cost or expense of any kind, including legal fees concerning this acquisition.
>
> [Carlton] ha[ving] the unfettered right to approve or disapprove, in his own Judgment, whether or not proper title is being transferred.
>
> The completed product inventory is not included. Add the sum of $30,000 if this inventory is to be included. Inventory subject to Bidders [sic] physical inspection and Bidders [sic] approval of same.

Even if the invitation to bid constituted an offer to sell that could not be withdrawn, Carlton's submission of the foregoing conditions amounted to a rejection of the offer. *See* Texas State Optical, Inc. v. Wiggins, 882 S.W.2d 8, 11 (Tex.App.–Houston [1st Dist.] 1994, no writ). Consequently, we conclude the jury's finding that Carlton's letter did not conform to CoBank's invitation to bid letter was not contrary to the great weight and preponderance of the evidence. Carlton's seventh issue is overruled.

By his fifth issue, Carlton contends the evidence conclusively established CoBank engaged in deceptive trade practices against him. We disagree. Question two of the court's charge asked whether CoBank engaged in any false, misleading, or deceptive act

or practice, which was a producing cause of damages to Carlton. However, because question two was conditioned upon an affirmative answer to question one, the jury did not reach it. Our conclusion that Carlton failed to preserve error with respect to the submission of questions one, two, three, and four renders Carlton's complaint against the jury's lack of a finding with respect to his DTPA claims moot. Accordingly, Carlton's fifth issue is overruled.

By his eighth issue, Carlton contends the evidence at trial proved as a matter of law that he sustained damages, his bid conformed with the bid offering letter, and CoBank committed fraud. Our disposition of Carlton's fourth and seventh issues pretermits our consideration of his eighth issue. Accordingly, Carlton's eighth issue is overruled.

Counterclaims by CoBank and Brillhart

By his ninth issue, Carlton contends the evidence established his DTPA claims were not groundless. Then, by his tenth issue, he asserts declaratory relief was not available to CoBank and Brillhart. Also, by these issues, Carlton claims the trial court's award of attorney's fees to CoBank and Brillhart was erroneous. We disagree.

CoBank and Brillhart sought attorney's fees under both the DTPA and the Uniform Declaratory Judgments Act. Carlton filed no answer to the counterclaims and presented no special exceptions to the claim for attorney's fees under the DTPA; therefore, his issues present nothing for review. *See* Tex. R. Civ. P. 90; *see also* National Farmers Union Prop.

10

v. Degollado, 844 S.W.2d 892, 900 (Tex.App--Austin 1992, writ denied). Moreover, in order to preserve a complaint for appellate review, the record must show the appellant presented an objection in the trial court. *See* Tex. R. App. P. 33.1; *see also* Williamson v. New Times, Inc., 980 S.W.2d 706, 711 (Tex.App.--Fort Worth 1998, no pet.). Because the record here does not show the required objections in the trial court, Carlton presents nothing for review. Issues nine and ten are overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

11