ACCEPTED
06-14-00036-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/15/2015 11:03:08 AM
DEBBIE AUTREY
CLERK

**Case No. 06-14-00036-CV**

**In the Court of Appeals**

**6th Judicial District**

**Texarkana, Texas**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

4/15/2015 11:03:08 AM

DEBBIE AUTREY
Clerk

**Frank Keathley,** *Appellant*

**v.**

**J.J. Investment Company, L.T.D., et al.,** *Appellees*

**APPELLEE'S BRIEF**

TRAVIS P. CLARDY
State Bar No. 04268020
JERRY W. BAKER
State Bar No. 24026776
CLARDY LAW OFFICES
209 E. Main Street
Nacogdoches, Texas  75961
Ph:    936-564-2500
Fax:   936-564-2507

ATTORNEYS FOR APPELLEE,
CORBITT BAKER

# TABLE OF CONTENTS

Table of Contents.................................................................ii

Index of Authorities..............................................................iv

Statement of Facts................................................................1

Summary of Argument.............................................................7

Argument ........................................................................9

    **A.**     **Reply to Appellant's Point of Error No. One, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because a writ of execution is not a proper legal remedy for enforcement of a judgment against a judgment debtor's funds in the possession of a third party and because the funds were in legal custody of the Court**............10

    **B.**     **Reply to Appellant's Point of Error No. Two, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003**...................18

    **C.**     **Reply to Appellant's Point of Error No. Three, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all of the funds and the levy was wrongful as to the other parties who did not own an interest in the funds**............22

    **D.**     **Reply to Appellant's Point of Error No. Four, which argues that the trial court erred in ordering the Clerk to disburse**

$30,000 from registry funds to Travis Clardy based on
levy of the writ of execution issued under the Corbitt Baker
judgment against Frank Keathley because the judgment
debtor's ownership interest in the registry funds was exempt
from execution under Property Code Sec. 42.001 and Sec.
42.002............................................................................................24

E.     **Reply to Appellant's Point of Error No. Four, which argues
that the trial court erred in ordering the Clerk to disburse
$30,000 from registry funds to Travis Clardy based on levy
of the writ of execution issued under the Corbitt Baker
judgment against Frank Keathley as entered March 8, 2011,
because the judgment was not a final judgment as required
by Rule 622, Tex. R. Civ. P. and because the writ was voided
when the judgment was revoked by the judgment entered
April 12, 2011, reinstated by the Order entered April 18,
2011, appealed and reformed and affirmed by the Twelfth
Court of Appeals Opinion delivered April 2, 2013 and
Judgment dated April 24, 2011**............................................27

F.     **Reply to additional issues raised in Appellant's Prayer**............31

Prayer.......................................................................................................33

Certificate of Compliance........................................................................34

Certificate of Service...............................................................................34

Appendix..................................................................................................36

# INDEX OF AUTHORITIES

## Cases:

*Ackermann v. Vordenbaum*, 403 S.W.2d 362 (Tex. 1966)...........................32

*Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644 (Tex. 1996)..........................11

*Brasher v. Carnation Co.*, 92 S.W.2d 573, 575 (Tex. Civ.
App.—Austin 1936, writ dism'd).........................................................26

*Burns v. Bishop*, 48 S.W.3d 459 (Tex. App.—Houston
[14th Dist.] 2001, no pet.).................................................................18

*Campbell v. Stucki*, 220 S.W.3d 562 (Tex. App.—Tyler 2007, no pet.)..........26, 27

*Challenge Co. v. Sartin*, 260 S.W.313 (Tex. Civ. App.—Dallas 1924, no writ)....17

*Cliff v. Huggins*, 724 S.W.2d 778 (Tex. 1987) ....................................32

*Collum v. DeLoughter*, 535 S.W.2d 390 (Tex. App.—Texarkana
1976, writ ref'd n.r.e.)..................................................................21, 22

*Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978)......................................9, 10

*Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex. 1985)............9, 10

*Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615 (Tex. 2007)....................29

*Gonzales v. Daniel*, 854 S.W.2d 253 (Tex. App.—Corpus Christi
1993, orig. proceeding)...............................................................15, 16, 17

*Hardy v. Construction Systems, Inc.*, 556 S.W.2d 843 (Tex. Civ.
App.—Houston [14th Dist] 1977, writ ref'd n.r.e.)..................................17, 18

*Ingersoll—Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203
(Tex. 1999)..........................................................................11, 20, 25

*Monroe v. Grider*, 884 S.W.2d 811 (Tex. App.—Dallas 1994, writ denied)..........9

*Murphy v. McDaniel*, 20 S.W.3d 873 (Tex. App.—Dallas 2000, no pet.)............9

*Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d 497
(Tex. Civ. App—Dallas 1979, no writ)..................................13

*Ross v. 3D Tower, Ltd.*, 824 S.W.2d 270 (Tex. App.—Houston
[14th Dist.] 1992, writ denied)..................................26

*Schlager v. Clements*, 939 S.W.2d 183 (Tex. App.—Houston
[14th Dist.] 1996, writ denied)..................................10

*Texas State Optical v. Wiggins*, 882 S.W.2d 8 (Tex. App.—Houston
[1st Dist.] 1994, no writ)..................................9

*Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831 (Tex. App.—Austin
1984, no writ)..................................9, 14

*Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860 (Tex. 2010) ............11, 13, 19

*U.S. v. Powell*, 639 F.2d 224 (5th Cir. 1981) ..................................17

*Vaughn v. Drennon*, 324 S.W.3d 560 (Tex. 2010)..................................29

## Statutes:

Tex. Civ. Prac. & Rem. Code §34.004..................................16

Tex. Civ. Prac. & Rem. Code §34.005..................................16

Tex. Prop. Code §42.001..................................25, 27

Tex. Prop. Code §42.002..................................25

Tex. Prop. Code § 42.003..................................19, 20, 21

**Rules:**

Tex. R. App. P. 24.1……………………………………………...……...............13

Tex. R. App. P. 43.2…………………………………………...……..24, 27, 33

Tex. R. Civ. P. 296……………………………………………..……………......31

Tex. R. Civ. P. 320……………………………………………..…………32

Tex. R. Civ. P. 321……………………………………………..…………32

Tex. R. Civ. P. 322……………………………………………..………32

Tex. R. Civ. P. 329b………………………………………...............…32

Tex. R. Civ. P. 621………………………………………...............…10

Tex. R. Civ. P. 628……………………………………..…………21, 30

Tex. R. Civ. P. 637…………………………………………..………....19, 20

# STATEMENT OF FACTS

Pursuant to Tex. R. App. P. 38.2(a)(B), Appellee would correct and supplement the Statement of Facts set forth in the Appellant's Brief with the following:

On March 8, 2011, the County Court at Law, No. 3 of Smith County, Texas signed a final judgment in favor of the Appellee Corbitt Baker ("Baker") against the Appellant Frank Keathley ("Keathley") and his wife. (Appendix 1). The judgment awarded Baker his attorney's fees in the amount of $70,000, post-judgment interest and court costs. (Appendix 1). The judgment also provided a contingent award of additional attorney's fees should the case be appealed. (Appendix 1).

On March 30, 2011, Baker sought and obtained a writ of execution pursuant to Tex. R. Civ. P. 628 based on the March 8th judgment. (CR 37). The writ was issued for the collection of "the goods and chattels, lands and tenements of the said Frank Keathley and Melissa Keathley…the said sum of Attorney's Fees in the amount of $70,000.00 for services rendered through the trial of this case…" (CR 37). On March 30, 2011, Constable Randle Green of Franklin County, Texas levied the writ of execution upon "monies in Registry of Court." (CR 39).

On or about April 8, 2011, Keathley sought and obtained a Temporary Restraining Order from the 62nd Judicial District Court of Franklin County, Texas.

1

(CR 42-66). In the Order Granting the Temporary Restraining Order, the district court found that "Constable Green, respondent, intends to levy against $40,000 held in the Registry of the Clerk of this Court that has been ordered by this Court to be paid to Frank Keathley under Order for Distribution of Funds…and that District Clerk Ellen Jaggers, respondent intends to make a distribution of the $40,000 in funds held in her Registry to Corbitt Baker under levy of the Writ of Execution." (CR 64).

On April 12, 2011, the County Court at Law, No. 3 of Smith County, Texas, mistakenly signed a "final judgment", which was submitted by the Keathleys, and which reversed the jury findings and awarded damages to Plaintiffs. (CR 58). As soon as the Smith County court was made aware of this error, the trial judge signed the Order Vacating Final Judgment Erroneously Entered April 12, 2011. (Appendix 2). The validity of the March 8, 2011 final judgment, the April 12, 2011 "Final Judgment", and the April 18, 2011 Order Vacating Final Judgment Erroneously Entered April 12, 2011 was the subject of an appeal by the Keathleys to the 12th Court of Appeals. (CR 64).

On May 12, 2011, Keathley filed notice with the trial court of his supersedeas bond and the writ of supersedeas issued by the Smith County Clerk. (CR 76). Following a hearing on Keathley's request for issuance of a temporary injunction, the trial court entered an Order Granting Temporary Injunction. (CR

2

91). The trial court ordered that the temporary restraining order be extended as a temporary injunction based on the fact that it was "presented with notice of issuance of a writ of supersedeas and posting of supersedeas bond in the underlying lawsuit from which the writ of execution involved in this case was issued." (CR 91). Pursuant to the Order Granting Temporary Injunction, Constable Green was commanded to desist and refrain from execution of the writ and the District Clerk Ellen Jaggers was commanded to desist and refrain from distributing the funds held in the registry of the court. (CR 92).

On or about August 1, 2011, Keathley filed a Motion to Quash Writ of Execution in the County Court at Law No. 3 of Smith County, Texas. (CR 176). In his Motion to Quash, Keathley cited several bases, including:

- "Levy of the Writ on the District Clerk of Franklin County, Texas without first levying the Writ on Plaintiffs as judgment debtors, was illegal, as a matter of law because it deprived the judgment debtors of their right to declare their exempt property and to designate any property that they recognized as subject to execution as required by the rules for execution under Rule 629, TRCP and as provided by Article 16, Section 49, Tex. Const. and Section 42.001 and Section 42.002, Tex Prop. Code. The levy made under the Writ was done without any notice to the judgment debtors and in violation of the procedures required by Section 42.003 Tex. Prop. Code." (CR 178).

- "Upon entry of the Final Judgment dated April 12, 2011 in favor of Plaintiffs and against Defendant, the Writ was void, as a matter of law since the March 8, 2011 judgment under which it was issued was vacated. Under Rule 622, TRCP (Execution), issuance of a writ of execution requires a final judgment. Since the judgment under which the Writ was issued was vacated, the Writ was not supported by a judgment and was void, as a matter of law." (CR 178-79)

- "The Court's April 18, 2011 entry of the Order Vacating the April 12, 2011 Final Judgment and reinstating the Final Judgment signed March 8, 2011, did not reinstate the Writ of Execution issued March 30, 2011 under the March 8, 2011 judgment because Rule 622 TRCP requires a writ of execution to be issued under a final judgment. In this case, the final judgment could only have been the one signed April 18, 2011." (CR 179)

- "Levy of the Writ on Ellen Jaggers, District Clerk of Franklin County, Texas for funds held in the Clerk's registry was not a levy of a writ of execution but was an attempted garnishment of funds of a judgment debtor in the possession of a third party. The Writ used by Defendant to reach funds in the hands of the District Clerk failed to comply with the requirements for a writ of garnishment stated under Section 63.001 to 63.008, Tex. Civ. Prac. & Rem. Code and is void as a matter of law." (CR 179-80)

Following a hearing on the Motion to Quash the Writ of Execution, the Smith County court issued an order denying same. (CR 195). Further, the trial court found that "the one and only final judgment in this matter is the Final Judgment dated March 8, 2011," and the writ of execution "was in accordance with Rules 627 and 628 of the Texas Rules of Civil Procedure." (CR 195). The court ordered that "the Final Judgment dated March 8, 2011, is the one true judgment of this Court and the Writ of Execution issued upon said Final Judgment was valid and proper." (CR 195). Keathely failed to seek review of this order. (CR 168-69).

Following the appeal of the judgment issued by the County Court at Law, No. 3 of Smith County, Texas, the 12th Court of Appeals issued a mandate affirming the trial court's judgment and award of $70,000.00 in attorney's fees to Baker. (CR 110). Included in the mandate was a suggestion of remittitur that the

4

appellate attorney's fees awarded to Baker be reduced from $25,000.00 to $8,000.00. (CR 110). The Court pointed out that the "Order Vacating Final Judgment Erroneously Entered April 12, 2011" states that the March 8th judgment "correctly reflects the judgment of this court." (CR 116). The Court stated, "[w]e conclude that the language used in the April 18 order, together with the court's act of physically attaching the March 8 judgment to the order and referencing the attachment, has the same effect as use of the word 'reinstate' in the new order." (CR 116).

On October 21, 2013, Baker filed a Motion to Dissolve Temporary Injunction. (CR 102). Keathley subsequently filed a Motion to Modify Injunction and Release Funds and a Motion for Summary Judgment on Levy of Writ of Execution. (CR 154, 205). At a hearing on December 19, 2013, the trial court deferred ruling on the various motions and requested additional briefing on the issue of whether garnishment or execution is the "correct vehicle" to obtain funds from the registry of the court. (RR 2:24, lines 14-21). At the subsequent hearing on February 28, 2014, the trial court found that the writ of execution was the "correct vehicle." (RR 3:4, lines 18-23). On March 25, 2014, the court signed the Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution. (CR 305). In the order, the trial

5

court granted Baker's Motion to Dissolve Temporary Injunction, and ordered the distribution of the registry funds following thirty days from the date of the order. (CR 305-06). The court also denied Keathley's Motion to Modify Injunction and Release Funds and a Motion for Summary Judgment on Levy of Writ of Execution. (CR 306).

On April 25, 2014, Keathley filed his Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal. (CR 308). Keathley then filed a voluntary petition for bankruptcy in the U.S. Bankruptcy Court for the Eastern District of Texas and a Notice of Bankruptcy with the trial court. (CR 314). On September 16, 2014, the U.S. Bankruptcy Court for the Eastern District of Texas issued an order granting Baker's Motion for Relief from Automatic Stay with respect to the monies held in the registry of the 62nd Judicial District Court of Franklin County, Texas. (CR 319-20). On November 3, 2014, the trial court denied Keathley's Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal. (CR 351). The court found that the Request for Findings of Fact and Conclusions of Law were not filed timely. (RR 4:9, lines 1-23).

# SUMMARY OF THE ARGUMENT

Appellant has sought a review of the trial court's Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution issued on March 25, 2014. The standard of review of a trial court's order dissolving or modifying a temporary injunction is abuse of discretion. However, none of the arguments or evidence raised in Appellant's Brief demonstrates that the trial court acted arbitrarily and unreasonably or misapplied the law to the facts of the case.

With the exception of the third point of error raised by Appellant, all of Appellant's arguments have previously been adjudicated and any attempted relitigation of these claims is precluded as a matter of law under the doctrine of res judicata. For this reason, the trial court correctly refused to entertain such arguments. In the alternative, the evidence and authority cited to and relied on by the trial court in its determination of the Appellee's Motion to Dissolve Temporary Injunction and Appellant's Motion to Modify Injunction and Release Funds and Motion for Summary Judgment on Levy of Writ of Execution supports the court's findings. As to the third point of error, Appellant fails to cite evidence to support his assertion concerning any attempt to levy against property that was not the judgment debtor's. Rather, the record clearly shows that levy of the writ of

7

execution was made solely against the Appellant's property held in the registry of the court.

Taking all evidence and drawing all inferences in favor of the trial court's ruling, it is clear that there was no abuse of discretion by the trial court. The Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution must therefore be affirmed.

# ARGUMENT

Appellant's Brief fails to address the applicable standard of review for purposes of this appeal. As indicated, this appeal is from the trial court's Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution. An order granting or denying a temporary injunction is reviewed under an abuse of discretion standard. *Davis v. Huey*, 571 S.W.2d 859, 861-62 (Tex. 1978). Likewise, courts apply the same standard of review when reviewing orders on motions to dissolve or modify a temporary injunction. *Murphy v. McDaniel*, 20 S.W.3d 873, 877 (Tex. App.—Dallas 2000, no pet.); *Texas State Optical v. Wiggins*, 882 S.W.2d 8, 12 (Tex. App.—Houston [1st Dist.] 1994, no writ); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 834 (Tex. App.—Austin 1984, no writ).

Under an abuse of discretion standard of review, the appellate court must uphold the trial court's judgment unless it determines that the trial court acted arbitrarily and unreasonably or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985); *Monroe v. Grider*, 884 S.W.2d 811, 816 (Tex. App.—Dallas 1994, writ denied). The appellate court is precluded from substituting its own judgment for that of the trial court, but must review any conflicting evidence in the light most favorable to

the trial court's ruling and draw all reasonable inferences in favor of the trial court's judgment. *Schlager v. Clements*, 939 S.W.2d 183, 191 (Tex. App.— Houston [14th Dist.] 1996, writ denied). The fact that the appellate judge may decide an issue differently than the trial judge does not demonstrate an abuse of discretion. *Downer*, 701 S.W.2d at 242. Further, it has been specifically held that "an abuse of discretion does not exist where the trial court bases its decision on conflicting evidence." *Davis*, 571 S.W.2d at 862.

**A. Reply to Appellant's Point of Error No. One, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because a writ of execution is not a proper legal remedy for enforcement of a judgment against a judgment debtor's funds in the possession of a third party and because the funds were in legal custody of the Court**

The first point of error raised in the Appellant's Brief concerns the ability of a judgment creditor to employ a writ of execution in order to enforce a judgment against property in the possession of a third party, which in this instance involved funds which had previously been deposited in the registry of the court. Tex. R. Civ. P. 621 states that "[t]he judgments of the district, county, and justice courts shall be enforced by execution or other appropriate process." Despite the arguments raised by Appellant, Keathley cites no authority to support the assertion he is attempting to raise. Rather, as Rule 621 clearly states, a writ of execution, such as the one employed by Baker, is one means by which a judgment creditor may enforce his

judgment. As such, the trial court did not abuse its discretion in permitting such enforcement in this instance.

In each of the motions, responses and briefs filed before the trial court, Keathley raised several arguments challenging the effectiveness of the writ of execution and the manner in which it was levied. Baker argued that each of these arguments was barred under the doctrine of res judicata. Res judicata prevents parties from relitigating claims or defenses that are finally adjudicated and even ones that could have been litigated in an earlier suit but were not. *Ingersoll—Rand Co. v. Valero Energy Corp.*, 997 S.W.2d 203, 206-07 (Tex. 1999). "The doctrine is intended to prevent causes of action from being split, thus curbing vexatious litigation and promoting judicial economy." *Id.* at 207. Under this doctrine, a party is precluded from litigating a claim in a pending action if: (1) in a previous action, a court of competent jurisdiction rendered a final determination on the merits of a claim; (2) the parties that litigated the prior claim are identical to or in privity with the parties litigating the pending claim; and (3) the pending claim (a) is identical to the prior claim or (b) arises out of the same subject matter as the prior claim and could have been litigated in the previous action. *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996).

In his Motion to Quash Writ of Execution filed in the County Court at Law

11

No. 3 of Smith County, Texas, Keathley raised several arguments, including the following:

> "Levy of the Writ on Ellen Jaggers, District Clerk of Franklin County, Texas for funds held in the Clerk's registry was not a levy of a writ of execution but was an attempted garnishment of funds of a judgment debtor in the possession of a third party. The Writ used by Defendant to reach funds in the hands of the District Clerk failed to comply with the requirements for a writ of garnishment stated under Section 63.001 to 63.008, Tex. Civ. Prac. & Rem. Code and is void as a matter of law." (CR 179-80).

Following a hearing on same, the Smith County court denied Keathley's Motion to Quash. The court held that "the one and only final judgment in this matter is that Final Judgment dated March 8, 2011," and the writ of execution "was in accordance with Rules 627 and 628 of the Texas Rules of Civil Procedure." (CR 195). The order stated further that "the Final Judgment dated March 8, 2011, is the one true judgment of this Court and the Writ of Execution issued upon said Final Judgment was valid and proper." (CR 195). Keathley made no attempt to appeal the findings of the Smith County court.

Appellee thus contends that the argument raised in Keathley's first point of error is barred under the doctrine of res judicata. Clearly one of the bases relied on in Keathley's Motion to Quash Writ of Execution related to whether or not the execution was an improper attempt at garnishment of the funds in the registry of the court. The parties to that proceeding are identical to or in privity with the parties before the trial court. Further, these same claims or defenses are identical

to those identified above, or arise from the same subject matter and could have been raised therein. *See Travelers*, 315 S.W.3d at 862.

Even if it is determined that this claim is not barred as a matter of law, the arguments raised regarding this point of error must still be rejected. Appellee would remind the Court that in the Order Granting Temporary Injunction, the trial court ordered that Keathley's TRO should be extended stating that it was "presented with notice of issuance of a writ of supersedeas and posting of supersedeas bond in the underlying lawsuit from which the writ of execution involved in this case was issued." (CR 91). As Keathley had filed his writ of supersedeas and posted a supersedeas bond, enforcement of the Smith County final judgment was suspended. *See* Tex. R. App. P. 24.1. The only legitimate purpose of a temporary injunction is to preserve the status quo pending trial. *Reeder v. Intercontinental Plastics Mfg. Co.*, 581 S.W.2d 497, 499 (Tex. Civ. App—Dallas 1979, no writ). The trial court's Order Granting Temporary Injunction preserved the status quo by suspending the levy and distribution of the subject funds pending the outcome of the appeal of the Smith County judgment.

On August 2, 2013, the 12th Court of Appeals issued a mandate on the appeal raised by Frank Keathley and Melissa Keathley affirming the award of attorney's fees to Baker which formed the basis of the writ of execution. (CR 110). Following the issuance of the mandate, Baker filed his Motion to Dissolve

Temporary Injunction citing the mandate and the fact that Keathley's ability to appeal said judgment had been exhausted. (CR 102-25). The purpose of a motion to dissolve a temporary injunction is to provide a means a party may show that circumstances have changed which compel the dissolution of the injunction. *Tober*, 668 S.W.2d at 836. In such motion, the moving party is required to show that circumstances have changed since the issuance of the temporary injunction such that the order should now be dissolved. *Id*. Upon a showing of "changed circumstances" by the movant, the trial court is authorized to dissolve the temporary injunction. *Id*.

As the basis cited for extending the temporary restraining order into a temporary injunction was the filing of the writ of supersedeas and the posting of a supersedeas bond, and because the appeal of said judgment was now final, Baker argued "changed circumstances." (CR 102-25). He therefore sought dissolution of the temporary injunction so that the levy of the writ of execution on the funds held in the registry of the court might proceed. (CR 102-25).

At the hearing on Baker's Motion to Dissolve Temporary Injunction, the question of "changed circumstances" was not addressed. Rather, the trial court focused the hearing on the question of whether a writ of execution was the proper vehicle by which the funds held in the court's registry might be reached by a judgment creditor. (RR 2:11, lines 10-12). Keathley argued that only a writ of

14

garnishment may be employed by a judgment creditor in order to obtain property in the possession of a third party. Originally, it appears that the trial court agreed with the Appellant's arguments when he likened it to "a bank holding funds." (RR 2:11, lines 10-12). However, rather than ruling on the issue at this hearing, the trial court asked the parties to brief this issue and reset the hearing for a later date. (RR 2:24, lines 14-21). Following receipt of such briefing, the trial court stated at the subsequent hearing: "I previously said on the record I had some concern whether or not writ of execution was the right way to get to these funds, but I'm satisfied that this is the correct vehicle to get here." (RR 3:4, lines 19-24).

Appellant's Brief fails to demonstrate that the trial court abused its discretion in its findings on the effectiveness of the writ of execution. As indicated in the record, the trial court was ultimately convinced that a writ of execution was the "correct vehicle" after its review of the parties' briefing. (RR 3:4, lines 19-24). In his brief to the trial court, Appellee cited *Gonzales v. Daniel*, 854 S.W.2d 253 (Tex. App.—Corpus Christi 1993, orig. proceeding) to support the argument. In *Gonzales*, the funds subject to enforcement were placed in the registry of the court from a garnishment judgment obtained against the debtor's bank account. *Id.* at 254. However, in seeking to collect the funds from the registry of the court, the judgment creditor employed a writ of execution rather than another writ of garnishment. *Id.* The Corpus Christi court held that "Gonzales was entitled to the

issuance of a writ of execution against this property and the distribution of the funds to him after his garnished judgment became final under the provisions of Rule 627, and that the trial court abused its discretion by entering an order voiding the distribution." *Id.* at 257. Thus, the *Gonzales* opinion clearly holds that a writ of execution can be used to collect funds held in the registry of the court. Moreover, the clear implication of both Tex. Civ. Prac. & Rem. Code §34.004 and §34.005 is that execution is a valid means by which a judgment creditor can secure property of the debtor that is in the possession of a third party. *See* Tex. Civ. Prac. & Rem. Code §34.004 and §34.005.

One concern in *Gonzales*, which Appellant has also raised, was whether property held *in custodia legis* can be subject to any enforcement proceedings. *Gonzales*, 854 S.W.2d at 256-57. Ordinarily, such enforcement is precluded in order to preserve the jurisdiction of the court and avoid conflicts of jurisdiction between courts. *Id.* However, the *Gonzales* court cites an exception "when the court enters a decree of distribution, or where nothing more remains for the custodian to do but make delivery of the property or payment of the money..." *Id.* at 257. Prior to the levy of the writ of execution, the trial court had already executed an Agreed Order to Distribute Funds. (CR 36). As such, these funds were already "subject to levy under Texas law" when the writ was levied by Constable Green. *See Id.*

16

In *U.S. v. Powell*, 639 F.2d 224 (5th Cir. 1981), the Fifth Circuit cited Texas case law for the same proposition: "When the court enters a decree of distribution, or where nothing more remains for the custodian to do but make delivery of the property or payment of the money, the reason for the doctrine of *in custodia legis* is satisfied, and the property becomes subject to levy under Texas law…It appears, therefore, that ***there must be a writ of execution***. *Powell*, 639 F.2d at 226 (*citing Hardy v. Construction Systems, Inc.*, 556 S.W.2d 843 (Tex. Civ. App.—Houston [14[th] Dist] 1977, writ ref'd n.r.e.); *Challenge Co. v. Sartin*, 260 S.W.313 (Tex. Civ. App.—Dallas 1924, no writ) (Emphasis added).

Appellant cites *Hardy* for the suggestion that an order of distribution only becomes final for purposes of enforcement of judgments when the court loses subject matter jurisdiction. However, this is a misreading of Houston court's holding. Both *Gonzales* and *Powell* (which cites *Hardy*) specify that this exception applies when either "the court enters a decree of distribution" **OR** "where nothing more remains for the custodian to do but make delivery of the property or payment of the money." *Gonzales*, 854 S.W.2d at 257; *Powell*, 639 F.2d at 226. In this case, the trial court entered an Agreed Order to Distribute Funds on March 25, 2011. (CR 36). This alone was sufficient to permit the judgment creditor to proceed with the execution of these registry funds once the injunction was dissolved.

Case law is clear that funds deposited in the registry of the court are always subject to the control and order of the trial court, and the court enjoys "great latitude in dealing with them." *Burns v. Bishop*, 48 S.W.3d 459, 467 (Tex. App.— Houston [14th Dist.] 2001, no pet.). In *Hardy*, the Houston Court clarified that the purpose of *in cutodia legis* "is not to protect the party entitled to the property, but to preserve the jurisdiction of the court administering the property and prevent conflicts of jurisdiction with other court." *Hardy*, 556 S.W.2d at 844. Therefore, Keathley's reliance on the doctrine of *in custodia legis* is misplaced. In fact, the Appellant's counsel himself represented at the hearing that the trial court possesses "exclusive jurisdiction over control of the funds in your court," and the court heartily agreed. (RR 3:13, lines 19-23). After review of the motions and briefs of the parties, as well as the arguments raised in both hearings, the trial court exercised such "latitude" in granting Baker's Motion to Dissolve Temporary Injunction and ordering the funds to be distributed as set forth therein. (CR 305-06). Therefore, even if the arguments raised in Keathley's first point of error are not barred under the doctrine of res judicata, it is clear that the trial court's order was not arbitrary or given without reference to guiding rules or principles.

**B. Reply to Appellant's Point of Error No. Two, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on the writ of execution levied under Corbitt Baker's judgment against Frank Keathley because the levy on the Clerk's funds failed to comply with the requirements of Rule 637 of Tex. R. Civ. P. and Tex. Prop. Code Sec. 42.003**

18

In his next point of error, Keathley raises another claim that was previously adjudicated by the Smith County court. Keathley argues that Baker made no attempt to contact Keathley so that he might "declare his exempt property and designate nonexempt property against which Baker's judgment could be enforced." However, in the Motion to Quash Writ of Execution, Keathley listed the following as a basis to quash:

> "Levy of the Writ on the District Clerk of Franklin County, Texas without first levying the Writ on Plaintiffs as judgment debtors, was illegal, as a matter of law because it deprived the judgment debtors of their right to declare their exempt property and to designate any property that they recognized as subject to execution as required by the rules for execution under Rule 629, TRCP and as provided by Article 16, Section 49, Tex. Const. and Section 42.001 and Section 42.002, Tex Prop. Code. *The levy made under the Writ was done without any notice to the judgment debtors and in violation of the procedures required by Section 42.003 Tex. Prop. Code.*" (CR 178) (Emphasis added).

As with the argument regarding garnishment, Appellant's argument that Appellee failed to comply with Tex. R. Civ. P. 637 and Tex. Prop. Code §42.003 is also barred under the doctrine of res judicata. *See Travelers*, 315 S.W.3d at 862.

In his brief, Keathley attempts to preempt this defense by asserting that the order on the Motion to Quash Writ of Execution has "no bearing" on this issue. According to Keathley, the "manner in which the writ was levied or enforced was within the exclusive jurisdiction of the trial court." However, there is no doubt that Appellant raised his claims concerning an "illegal" levy to the Smith County court.

19

Despite his present assertions, it is clear that at the time he filed his Motion to Quash, Keathley believed that the Smith County court possessed the necessary jurisdiction to hear such claims. However, he failed to appeal this order and now he is incapable of relitigating same. *See Ingersoll—Rand*, 997 S.W.2d at 206-07. The trial court agreed and refused to entertain Keathley's arguments since the Smith County court had previously ruled. (RR 2:12, lines 1-5).

Even if this argument is not barred as a collateral attack on the Smith County court's order, the Appellant's second point of error should still be denied. Keathley's point of error ignores the exceptions to such requirement for notice as provided under these same rules. Tex. R. Civ. P. 637 states:

> "When an execution is delivered to an officer he shall proceed without delay to levy the same upon the property of the defendant found within his county not exempt from execution, unless otherwise directed by the plaintiff, his agent or attorney. The officer shall first call upon the defendant, ***if he can be found, or, if absent, upon his agent within the county, if known***, to point out property to be levied upon, and the levy shall first be made upon the property designated by the defendant, or his agent. If in the opinion of the officer the property so designated will not sell for enough to satisfy the execution and costs of sale, he shall require an additional designation by the defendant. If no property be thus designated by the defendant, the officer shall levy the execution upon any property of the defendant subject to execution." (Emphasis added).

Further, Tex. Prop. Code § 42.003 states:

> "If the number or amount of a type of personal property owned by a debtor exceeds the exemption allowed by Section 42.002 ***and the debtor can be found in the county where the property is located***, the officer making a levy on the property shall ask the debtor to designate the personal property to be levied on. ***If the debtor cannot be found in the county or the debtor fails to***

20

***make a designation within a reasonable time after the officer's request, the officer shall make the designation***." Tex. Prop. Code § 42.003(a) (Emphasis added).

As such, if the judgment debtor "cannot be found" in the county in which the execution is levied, it is the officer who makes the designation rather than the judgment debtor. By his own admission, it was clear that Keathley was not a resident of Franklin County. (CR 164). As such, the fact that Constable Green did not contact him prior to levying the writ was not wrongful, but rather a specific exception to any notice requirement. As Appellant could "not be found" in the county prior to the execution, the officer properly levied the writ of execution on the only property of the judgment debtor located in Franklin County.

Further, the Court will recall that the writ of execution in this instance was issued under Tex. R. Civ. P. 628. In accordance with this Rule, Appellee filed an affidavit for immediate issuance of a writ of execution. Considering the concern for the property being removed from Franklin County, as evidenced by the Rule 628 affidavit, the request that Constable Green not contact the Appellant was a matter of prudence. The fact that Keathley was not a resident of Franklin County exacerbated the concern that these funds would be removed from the county before a levy could occur.

Appellant cites *Collum v. DeLoughter*, 535 S.W.2d 390 (Tex. App.— Texarkana 1976, writ ref'd n.r.e.), to argue that where the judgment debtor was not

provided an opportunity to designate property that this was sufficient to set aside a sale under execution. However, this argument misstates the holding in *Collum*. In fact, this Court noted that there were several "irregularities," only one of which was the failure to provide an opportunity to designate property. *Id.* at 393. This Court held that "[s]tanding alone, none of these irregularities would be sufficient to justify setting aside the sale, but together with an inadequate price paid for the property, and the trial court's presumed finding that these irregularities were calculated to and did contribute to such inadequacy of price, they are sufficient to avoid the sale." *Id.* Thus, even if a failure to permit a debtor the opportunity to designate exempt property was an "irregularity," this by itself is not sufficient to set aside the execution. For these reasons, the Court should disregard Appellant's second point of error and affirm the order of the trial court.

**C. Reply to Appellant's Point of Error No. Three, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on Corbitt Baker's instruction to the Constable to levy the writ of execution against all of the $41,763.50 because Frank Keathley did not own all of the funds and the levy was wrongful as to the other parties who did not own an interest in the funds**

In his third point of error, the Appellant argues that the trial court erred in failing to consider the alleged instruction to Constable Green to levy the entire amount held in the registry of the court. However, Appellant's assertion lacks any basis and completely misstates the record. Appellee would remind the Court that

he was not a party to the underlying lawsuit. In the letter to Constable Green, Appellee's attorney states that "[o]ur investigation indicates Frank Keathley has on deposit in the registry of the 8[th] Judicial District Court in Franklin County approximately $41,763.50 associated with Cause No. 10,072 (a matter styled *J.J. Investment Company, LTD v. Frank Keathley*) which amount may be released in the near future." (CR 40). As should be apparent, this was not an instruction to the constable to levy against a certain amount, but only an attempt to inform him of the information Appellee had obtained concerning the only known asset in the county. (CR 40).

As the record demonstrates, the writ of execution was issued for the collection of "the goods and chattels, lands and tenements of the said Frank Keathley and Melissa Keathley…the said sum of Attorney's Fees in the amount of $70,000.00 for services rendered through the trial of this case…" (CR 37). Constable Green levied this writ of execution upon "monies in Registry of Court" as specified in his return. (CR 39). Clearly then, the levy was made solely against Keathley's property being held in the registry of the court.

There is simply no evidence presented by Appellant that Constable Green sought to levy any property other than Keathley's $40,000, or that the district clerk was placed "in a position of peril" concerning ownership of these funds. To the contrary, the record demonstrates otherwise. In the Order Granting the Temporary

23

Restraining Order, the trial court found that "Constable Green, respondent, intends to levy against $40,000 held in the Registry of the Clerk of this Court that has been ordered by this Court to be paid to Frank Keathley under Order for Distribution of Funds…and that District Clerk Ellen Jaggers, respondent intends to make a distribution of the $40,000 in funds held in her Registry to Corbitt Baker under levy of the Writ of Execution." (CR 64). Thus, when the trial court entered the temporary restraining order there was no doubt that the only property subject to levy and distribution was the $40,000 that was previously agreed to be distributed to Keathley.

In the closing paragraph of this portion of the brief, Appellant requests that this Court "grant summary judgment in favor of Keathley on this issue, declare the attempted levy invalid, direct the District Clerk to release funds to Keathley as originally ordered and enjoin Baker and Constable Green as requested."[1] Appellee would object to such relief as it exceeds the authority of this Court as set forth in Tex. R. App. P. 43.2.

> **D. Reply to Appellant's Point of Error No. Four, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley**

---

[1] This argument was specifically raised in Appellant's Motion for Summary Judgment on Levy of Writ of Execution. (CR 154). As an order denying a motion for summary judgment is not appealable, Appellee has not responded to the issues raised therein, despite Appellant's claims for relief, except to the extent that such arguments were also raised in response to the motion to dissolve the temporary injunction.

**because the judgment debtor's ownership interest in the registry funds was exempt from execution under Property Code Sec. 42.001 and Sec. 42.002**

As with the first and second points of error, the claims raised in Appellant's fourth point of error are barred under the doctrine of res judicata. In his Motion to Quash Writ of Execution filed before the County Court at Law No. 3 of Smith County, Texas, Keathley cited the following as a basis for quashing the writ:

> "Levy of the Writ on the District Clerk of Franklin County, Texas without first levying the Writ on Plaintiffs as judgment debtors, was illegal, as a matter of law because it deprived the judgment debtors of their right to declare their exempt property and to designate any property that they recognized as subject to execution as required by the rules for execution under Rule 629, TRCP and as provided by Article 16, Section 49, Tex. Const. *and Section 42.001 and Section 42.002, Tex Prop. Code.* The levy made under the Writ was done without any notice to the judgment debtors and in violation of the procedures required by Section 42.003 Tex. Prop. Code." (CR 178) (Emphasis added).

Appellee contends that this point of error is merely another attempt by the Appellant to relitigate the issue of whether these funds are exempt. *See Ingersoll—Rand*, 997 S.W.2d at 206-07.

In the alternative, Baker would argue that these funds were not exempt under Tex. Prop. Code §42.001 or §42.002. As the record reflects, the subject funds were deposited in the court's registry and subsequently ordered to be distributed pursuant to a mediated settlement agreement as specified in the Agreed Order to Distribute Funds. (CR 36). Appellee would point out that nothing in Chapter 42 of the Texas

Property Code provides any exemption from execution for monies paid as a settlement in litigation.

Keathley has made the argument that these funds are precluded from execution because they constitute unpaid commissions. In *Campbell v. Stucki*, 220 S.W.3d 562, 566-567, (Tex. App.—Tyler 2007, no pet.), the Tyler Court specifically addressed the issue. The court reasoned that "wages for personal service…implies a relationship of master and servant, or employer and employee, and excludes compensation due to an independent contractor as such." *Id.* at 566-567; (*citing Brasher v. Carnation Co.*, 92 S.W.2d 573, 575 (Tex. Civ. App.—Austin 1936, writ dism'd)). Since it was established that the debtor was an independent contractor rather than an employee, the court held that "his commissions are not 'wages for personal service' and are not exempt from garnishment." *Id.* at 567. In *Ross v. 3D Tower, Ltd.*, 824 S.W.2d 270, 273 (Tex. App.—Houston [14th Dist.] 1992, writ denied), the 14th Court of Appeals reached a similar conclusion holding that an attorney is an independent contractor and any fees owed for legal services which had been performed were not exempt under the Texas Turnover Statute. Keathley has presented no evidence to demonstrate that he was an employee rather than an independent contractor in the underlying dispute. In fact, in the Appellant's brief he represents the underlying lawsuit as a "contract dispute." Thus, even if Keathley correctly characterizes these funds as unpaid

commissions, rather than settlement proceeds, his argument that these payments are exempt fails under the clear holding of *Campbell.*

Even assuming, arguendo, that Keathley is correct regarding the application of this exemption, he has mischaracterized the amount that would be exempt under Tex. Prop. Code §42.001(a), (d). Pursuant to the language of §42.001(d), the exemption for unpaid commission is limited to 25% of the aggregate amount of $60,000; i.e. $15,000. Tex. Prop. Code §42.001(a), (d). Even if Keathley could establish that these funds were somehow distinguishable from those in *Campbell,* the remaining $25,000 would still be subject to the levy. However, Appellant cites no authority or basis for such a distinction. Further, Keathley presents no authority to support his assertion that an additional $15,000 of these "unpaid commissions" are precluded under the "family exemption," or that the $10,000 in attorney's fees, purportedly assigned to his attorney, are also exempt under this section of the Property Code. For each of these reasons, this point of error must be denied.[2]

>    **E. Reply to Appellant's Point of Error No. Four, which argues that the trial court erred in ordering the Clerk to disburse $30,000 from registry funds to Travis Clardy based on levy of the writ of execution issued under the Corbitt Baker judgment against Frank Keathley as entered March 8, 2011, because the judgment was not a final judgment as required by Rule 622, Tex. R. Civ. P. and because the writ was voided when the judgment was revoked by the judgment entered April**

---

[2] Once again the Appellant states that he is entitled to "summary judgment that all his interest in the registry funds was and are exempt under the Property Code." Appellee would again object to such relief as it exceeds the authority of this Court as set forth in Tex. R. App. P. 43.2.

**12, 2011, reinstated by the Order entered April 18, 2011, appealed and reformed and affirmed by the Twelfth Court of Appeals Opinion delivered April 2, 2013 and Judgment dated April 24, 2011**

Keathley's final point of error concerns the validity of the writ of execution due to the events which followed the issuance of the March 8, 2011 final judgment. Yet again, Keathley raised an argument that was previously raised and adjudicated. In the Motion to Quash Writ of Execution, Appellant cited the following as additional bases to quash the writ:

> "Upon entry of the Final Judgment dated April 12, 2011 in favor of Plaintiffs ans against Defendant, the Writ was void, as a matter of law since the March 8, 2011 judgment under which it was issued was vacated. Under Rule 622, TRCP (Execution), issuance of a writ of execution requires a final judgment. Since the judgment under which the Writ was issued was vacated, the Writ was not supported by a judgment and was void, as a matter of law." (CR 178-79)

> "The Court's April 18, 2011 entry of the Order Vacating the April 12, 2011 Final Judgment and reinstating the Final Judgment signed March 8, 2011, did not reinstate the Writ of Execution issued March 30, 2011 under the March 8, 2011 judgment because Rule 622 TRCP requires a writ of execution to be issued under a final judgment. In this case, the final judgment could only have been the one signed April 18, 2011." (CR 179)

As set forth above, the order on the Motion to Quash specifically addressed these arguments. The Smith County court held that "the one and only final judgment in this matter is the Final Judgment dated March 8, 2011" and "the Final Judgment dated March 8, 2011, is the one true judgment of this Court and the Writ of Execution issued upon said Final Judgment was valid and proper." (CR 195). Such claims are therefore barred as a matter of law under the doctrine of res judicata.

28

Even ignoring the fact that these claims were previously adjudicated, the assertions raised in this point of error lack any merit. Appellant first argues that the March 8th judgment was as an interlocutory judgment rather than a final judgment. Case law is clear that a judgment is final if it disposes of all parties and claims in the lawsuit. *Ford v. Exxon Mobil Chem. Co.*, 235 S.W.3d 615, 617 (Tex. 2007). Further, there is a presumption that a judgment following a trial on the merits disposes of all parties and claims and is final. *Vaughn v. Drennon*, 324 S.W.3d 560, 562-63 (Tex. 2010). It is presumed then that the March 8th judgment was final. Further, it is clearly stated in the body of the judgment that it "finally disposes of all parties and claims." (Appendix 1).

Appellant further argues that the writ was voided when the Smith County court mistakenly signed a second "final judgment" on April 12, 2011. (CR 58). This "judgment" was submitted by the Keathleys after the March 8th judgment had been entered. As the Court will note, it completely reversed the findings of the jury and awarded damages to the Keathleys contrary to the jury's findings. (CR 58). However, as soon as the Smith County court was made aware of this error, the judge signed the Order Vacating Final Judgment Erroneously Entered April 12, 2011. (Appendix 2).

In its opinion following the Keathleys' appeal of the judgment, the Tyler Court pointed out that the "Order Vacating Final Judgment Erroneously Entered

29

April 12, 2011" states that the March 8th judgment "correctly reflects the judgment of this court." (CR 116). The Court overruled Keathley's issues on appeal and held that the "April 18 order reinstated the March 8 judgment." (CR 116). As the March 8th final judgment was not voided but rather reinstated, the writ of execution based on said judgment is not void.

Finally, Keathley asserts that the judgment was modified by the remittitur. In its Mandate, the 12th Court of Appeals affirmed the trial court's judgment and award of $70,000.00 in attorney's fees to Baker. (CR 110). However, the Tyler Court also included a suggestion of remittitur solely with respect to the appellate attorney's fees. (CR 110) The Court will recall that the March 8th judgment also awarded appellate attorney's fees to Baker contingent on the Keathley's unsuccessful appeal of the judgment. (Appendix 1). The mandate issued by the 12th Court of Appeals ordered a remittitur reducing the amount awarded for these appellate attorney's fees from $25,000.00 to $8,000.00. (CR 110). As was pointed out at the hearing on the Motion to Dissolve Temporary Injunction, the remittitur affected no part of the final judgment upon which the writ of execution was based. (RR 3:17, lines 15-21).

As previously indicated, the writ of execution was issued under Tex. R. Civ. P. 628 and prior to any appeal of the Smith County judgment. In fact, the writ clearly indicates that it was issued for the collection of "the goods and chattels, lands and

tenements of the said Frank Keathley and Melissa Keathley…the said sum of Attorney's Fees *in the amount of $70,000.00 for services rendered through the trial of this case…*" (CR 37) (Emphasis added). There was nothing in the writ of execution which even addressed the contingent appellate attorney's fees made the basis of the remittitur. Therefore, the trial court correctly rejected such arguments and nothing raised in Appellant's final point of error demonstrates that the court acted arbitrarily, unreasonably or without reference to guiding rules or principles in so doing. For these reasons, the trial court's Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution must in all things be upheld.

## F. Reply to additional issues raised in Appellant's Prayer

In his Prayer, Keathley seeks the reversal of not only the orders respecting the temporary injunction, but also the orders denying his Motion for Summary Judgment on Levy of Writ of Execution dated March 25, 2011 and his Request for Findings of Fact and Conclusions of Law, Motion for Reconsideration and/or Motion for New Trial and Notice of Appeal dated November 3, 2014.

Appellee would point out that Keathley's Request for Findings of Fact and Conclusions of Law was filed untimely. Tex. R. Civ. P. 296 states that such request "be filed within twenty days after judgment is signed…" The Order on Corbitt

31

Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution was signed on March 25, 2014. (CR 305). However, the Request for Findings of Fact and Conclusions of Law was not filed until April 25, 2014. (CR 308). As such, there is no basis for reversing the trial court's order.

While the Motions for Reconsideration and for New Trial were timely filed under Tex. R. Civ. P. 329b, in neither motion did Keathley cite any basis for the trial court to reconsider its order or to grant a new trial. The motion fails to establish "good cause" and fails to set forth his objections so they "can be clearly identified and understood by the court." Tex. R. Civ. P. 320, 321. Further, Tex. R. Civ. P. 322 specifically prohibits general objections such as Keathley employs, and mandates that same "shall not be considered by the court." Even so, the standard of review of a ruling on such motion is again abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex. 1987). The Appellant's Brief makes no attempt to demonstrate that the trial court acted arbitrarily or without reference to guiding rules or principles in denying both motions.

Appellant also argues for relief from this Court from the trial court's denial of his Motion for Summary Judgment. However, the law is clear that, with few exceptions, an order denying summary judgment is not appealable. *See Ackermann*

*v. Vordenbaum*, 403 S.W.2d 362, 365 (Tex. 1966). Appellant's Brief fails to make any showing that summary judgment being sought fell under one of these exceptions, and therefore such relief must also be denied.

Finally, Appellant asks that this Court enter a permanent injunction against the Appellees to preclude enforcement of Baker's judgment against him. However, such relief is not within the jurisdiction of the Court and exceeds the authority specified in Tex. R. App. P. 43.2. For such reason, any such relief must also be denied.

## PRAYER

Appellee Corbitt Baker respectfully prays that this Honorable Court would overrule each of the Appellant's points of error, deny the relief requested in his brief, affirm the trial court's Order on Corbitt Baker's Motion to Dissolve Temporary Injunction, Frank Keathley's Motion to Modify Injunction and Release Funds and Frank Keathley's Motion for Summary Judgment on Levy of Writ of Execution executed on March 25, 2014, and award Appellee such other and further relief to which he may be justly entitled to receive.

Respectfully submitted,

CLARDY LAW OFFICES
209 E. Main Street
Nacogdoches, Texas 75961
Ph:  936-564-2500
Fax: 936-564-2507

33

By: /s/ Jerry W. Baker
TRAVIS P. CLARDY
State Bar No. 04268020
JERRY W. BAKER
State Bar No. 24026776

ATTORNEYS FOR APPELLEE,
CORBITT BAKER

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document was produced on a computer and contains 8,675 words, as determined by the computer software's word-count function, excluding the sections of the document listed in Tex. R. App. P. 9.4(i)(1).

/s/ Jerry W. Baker
JERRY W. BAKER

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2015, a true and correct copy of the foregoing document has been served by certified mail, return receipt requested, in accordance with the Texas Rules of Appellate Procedure, on the following:

a. Mr. Larry R. Wright, P.O. Box 144, Winnsboro, Texas 75494; Attorney for Appellant.

b. Mr. Larry Blount, Powers & Blount, L.L.P., P.O. Box 877, Sulphur Springs, Texas 75483; Attorney for Appellee J.J. Investments, Ltd.

34

c. Mr. Gene Stump, P.O. Box 606, Mount Vernon, Texas 75457; Attorney

for Appellees Ellen Jagger, District Clerk, and Constable Ronald Green.

/s/ Jerry W. Baker
JERRY W. BAKER

**In the Court of Appeals**

**6th Judicial District**

**Texarkana, Texas**

**Frank Keathley,** *Appellant*

**v.**

**J.J. Investment Company, L.T.D., et al.,** *Appellees*

**APPENDIX**

1. Final Judgment – Cause No. 51,959-B, *Frank Keathley and Melissa Keathley v. Corbitt Baker, et al.*, in the County Court at Law, No. 3 of Smith County, Texas_dated March 8, 2011.

2. Order Vacating Final Judgment Erroneously Entered April 12, 2011 – Cause No. 51,959-B, *Frank Keathley and Melissa Keathley v. Corbitt Baker, et al.*, in the County Court at Law, No. 3 of Smith County, Texas_dated April 18, 2011.

3. Tex. R. App. P. 24

4. Tex. R. App. P. 43

5. Tex. R. Civ. P. 296

6. Tex. R. Civ. P. 320

7. Tex. R. Civ. P. 321

8.    Tex. R. Civ. P. 322

9.    Tex. R. Civ. P. 621

10.    Tex. Civ. Prac. & Rem. Code §34.004

11.    Tex. Civ. Prac. & Rem. Code §34.005

# Appendix 1

FRANK KEATHLEY and §
MELISSA KEATHLEY, §
Plaintiffs §
§
VS. §
§
CORBITT BAKER, CARROLL BOBO §
d/b/a UNITED COUNTRY BOBO §
REALTY, and MOLLIE BOBO d/b/a §
UNITED COUNTRY BOBO REALTY, §
Defendants §

COUNTY COURT AT LAW
SMITH COUNTY, TEXAS

NO. 3

SMITH COUNTY, TEXAS

## FINAL JUDGMENT

On February 16, 2011, this cause came on to be heard and Frank Keathley and Melissa Keathley, Plaintiffs, appeared in person and by attorney of record and announced ready for trial and Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty, Defendants, appeared in person and by attorney of record and announced ready for trial, and a jury having been previously demanded, a jury consisting of six qualified jurors was duly impaneled and the case proceeded to trial.

At the conclusion of the evidence, the court entered a directed verdict on behalf of Defendants Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty and against Plaintiffs Frank Keathley and Melissa Keathley for Plaintiffs' claims of common law fraud and statutory fraud. The court then submitted the remaining questions of fact to the jury. The charge of the court and the verdict of the jury are incorporated for all purposes by reference.

Following the jury's deliberation, a verdict of the jury was rendered on behalf of Defendant Corbitt Baker and against Plaintiffs Frank Keathley and Melissa Keathley. The jury found that the contract had terminated and that Plaintiffs were not entitled to any damages or attorneys' fees. Further, the jury verdict awarded Defendant Corbitt Baker attorneys' fees for services rendered through trial in the amount of $70,000.00. In the event of an appeal to the court of appeals, the jury awarded Defendant Corbitt Baker attorneys' fees of $10,000.00 and, in the event of an appeal to the Supreme Court of Texas, the jury awarded Defendant Corbitt Baker attorneys' fees of $15,000.00.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the court that Plaintiffs, Frank Keathley and Melissa Keathley, take nothing in their suit against Defendants, Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the court that Defendant Corbitt Baker shall recover from Plaintiffs Frank Keathley and Melissa Keathley attorneys' fees in the amount of $70,000.00 for services rendered through the trial of this case. In the event of an appeal by Plaintiffs Frank Keathley and Melissa Keathley to the court of appeals, if the appeal is unsuccessful, Defendant Corbitt Baker will be further entitled to an amount of

$10,000.00 as a reasonable attorneys' fee. In the event of an appeal by Plaintiffs Frank Keathley and Melissa Keathley to the Supreme Court of Texas, if the appeal is unsuccessful, Defendant Corbitt Baker will be entitled to an additional amount of $15,000.00 as a reasonable attorneys' fee.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment, until paid.

All costs of court spent or incurred by Defendants in this cause are adjudged against Plaintiffs Frank Keathley and Melissa Keathley in the amount of $371.64.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED on this ____ day of __MAR - 8 20⎯2011.

JUDGE PRESIDING

# Appendix 2

FILED
KAREN PHILLIPS
COUNTY CLERK

2011 APR 18  AM 10: 31

CAUSE NO. 51,959-B

| | | |
|---|---|---|
| FRANK KEATHLEY and | )( | IN THE COUNTY COURT SMITH COUNTY, TEXAS |
| MELISSA KEATHLEY, Plaintiffs | )( | BY_____ DEPUTY |
| | )( | |
| VS. | )( | AT LAW #3 IN AND FOR |
| | )( | |
| CORBITT BAKER, CARROLL BOBO | )( | |
| d/b/a UNITED COUNTRY BOBO REALTY, | )( | |
| and MOLLIE BOBO d/b/a UNITED | )( | |
| COUNTRY BOBO REALTY, Defendants | )( | SMITH COUNTY, TEXAS |

## ORDER VACATING FINAL JUDGMENT ERRONEOUSLY ENTERED APRIL 12, 2011

On this _____ day of __4-13__, 2011 came to be considered by the Court the

mistaken signing and entry of a second "Final Judgment" in this case on or about April 12, 2011.

The Court had previously entered a Final Judgment in this case on March 8, 2011.

On the 12th day of April, 2011, the Court erroneously entered a second "Final Judgment"

that substantially differed from the one entered on March 8, 2011.

The Court finds that it is in the interest of justice that the Final Judgment entered April

12, 2011 be and is hereby VACATED in its entirety.

The Final Judgment entered by this Court on March 8, 2011 (attached hereto as Exhibit

"A") correctly reflects the judgment of this Court based upon the verdict of the jury received and

accepted by the Court at the conclusion of the trial.

SIGNED this the _____ day of __4/18__, 2011.


JUDGE PRESIDING

CAUSE NO. 51,959-B

| | | |
|---|---|---|
| FRANK KEATHLEY and | § | COUNTY COURT AT LAW |
| MELISSA KEATHLEY, | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | NO. 3 |
| | § | |
| CORBITT BAKER, CARROLL BOBO | § | |
| d/b/a UNITED COUNTRY BOBO | § | |
| REALTY, and MOLLIE BOBO d/b/a | § | |
| UNITED COUNTRY BOBO REALTY, | § | |
| Defendants | § | SMITH COUNTY, TEXAS |

## FINAL JUDGMENT

On February 16, 2011, this cause came on to be heard and Frank Keathley and Melissa Keathley, Plaintiffs, appeared in person and by attorney of record and announced ready for trial and Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty, Defendants, appeared in person and by attorney of record and announced ready for trial, and a jury having been previously demanded, a jury consisting of six qualified jurors was duly impaneled and the case proceeded to trial.

At the conclusion of the evidence, the court entered a directed verdict on behalf of Defendants Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty and against Plaintiffs Frank Keathley and Melissa Keathley for Plaintiffs' claims of common law fraud and statutory fraud. The court then submitted the remaining questions of fact to the jury. The charge of the court and the verdict of the jury are incorporated for all purposes by reference.

Following the jury's deliberation, a verdict of the jury was rendered on behalf of Defendant Corbitt Baker and against Plaintiffs Frank Keathley and Melissa Keathley. The jury found that the contract had terminated and that Plaintiffs were not entitled to any damages or attorneys' fees. Further, the jury verdict awarded Defendant Corbitt Baker attorneys' fees for services rendered through trial in the amount of $70,000.00. In the event of an appeal to the court of appeals, the jury awarded Defendant Corbitt Baker attorneys' fees of $10,000.00 and, in the event of an appeal to the Supreme Court of Texas, the jury awarded Defendant Corbitt Baker attorneys' fees of $15,000.00.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED by the court that Plaintiffs, Frank Keathley and Melissa Keathley, take nothing in their suit against Defendants, Corbitt Baker, Carroll Bobo d/b/a United Country Bobo Realty and Mollie Bobo d/b/a United Country Bobo Realty.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED by the court that Defendant Corbitt Baker shall recover from Plaintiffs Frank Keathley and Melissa Keathley attorneys' fees in the amount of $70,000.00 for services rendered through the trial of this case. In the event of an appeal by Plaintiffs Frank Keathley and Melissa Keathley to the court of appeals, if the appeal is unsuccessful, Defendant Corbitt Baker will be further entitled to an amount of

Exhibit "A"

$10,000.00 as a reasonable attorneys' fee. In the event of an appeal by Plaintiffs Frank Keathley and Melissa Keathley to the Supreme Court of Texas, if the appeal is unsuccessful, Defendant Corbitt Baker will be entitled to an additional amount of $15,000.00 as a reasonable attorneys' fee.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the total amount of the judgment here rendered will bear interest at the rate of 5% percent from the date of judgment, until paid.

All costs of court spent or incurred by Defendants in this cause are adjudged against Plaintiffs Frank Keathley and Melissa Keathley in the amount of $371.64.

All writs and processes for the enforcement and collection of this judgment or the costs of court may issue as necessary.

All relief requested in this case and not expressly granted is denied. This judgment finally disposes of all parties and claims and is appealable.

SIGNED on this _8th_ day of ___March___, 2011

_____
JUDGE PRESIDING

# Appendix 3

# Rule 24 Suspension of Enforcement of Judgment Pending Appeal in Civil Cases.

### 24.1 *Suspension of Enforcement.*

(a) *Methods.* --Unless the law or these rules provide otherwise, a judgment debtor may supersede the judgment by:

(1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment;

(2) filing with the trial court clerk a good and sufficient bond;

(3) making a deposit with the trial court clerk in lieu of a bond; or

(4) providing alternate security ordered by the court.

(b) Bonds.

(1) A bond must be:

(A) in the amount required by 24.2;

(B) payable to the judgment creditor;

(C) signed by the judgment debtor or the debtor's agent;

(D) signed by a sufficient surety or sureties as obligors; and

(E) conditioned as required by (d).

(2) To be effective a bond must be approved by the trial court clerk. On motion of any party, the trial court will review the bond.

(c) *Deposit in Lieu of Bond.*

(1) *Types of Deposits.* --Instead of filing a surety bond, a party may deposit with the trial court clerk:

(A) cash;

(B) a cashier's check payable to the clerk, drawn on any federally insured and federally or state-chartered bank or savings-and-loan association; or

(C) with leave of court, a negotiable obligation of the federal government or of any federally insured and federally or state-chartered bank or savings-and-loan association.

(2) *Amount of Deposit.* --The deposit must be in the amount required by 24.2.

(3) *Clerk's Duties.* --The clerk must promptly deposit any cash or a cashier's check in accordance with law. The clerk must hold the deposit until the conditions of liability in (d) are extinguished. The clerk must then release any remaining funds in the deposit to the judgment debtor.

(d) *Conditions of Liability.* --The surety or sureties on a bond, any deposit in lieu of a bond, or any alternate security ordered by the court is subject to liability for all damages and costs that may be awarded against the debtor - up to the amount of the bond, deposit, or security - if:

(1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment;

(2) the debtor does not perform an adverse judgment final on appeal; or

(3) the judgment is for the recovery of an interest in real or personal property, and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal.

(e) **Orders of Trial Court.** --The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause.

(f) **Effect of Supersedeas.** --Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. If execution has been issued, the clerk will promptly issue a writ of supersedeas.

### 24.2 *Amount of Bond, Deposit or Security.*

(a) *Type of Judgment.*

(1) *For Recovery of Money.* --When the judgment is for money, the amount of the bond, deposit, or security must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. But the amount must not exceed the lesser of:

(A) 50 percent of the judgment debtor's current net worth; or

(B) 25 million dollars.

(2) *For Recovery of Property.* --When the judgment is for the recovery of an interest in real or personal property, the trial court will determine the type of security that the judgment debtor must post. The amount of that security must be at least:

(A) the value of the property interest's rent or revenue, if the property interest is real; or

(B) the value of the property interest on the date when the court rendered judgment, if the property interest is personal.

(3) *Other Judgment.* --When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post. The security must adequately protect the judgment creditor against loss or damage that the appeal might cause. But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security ordered by the trial court in an amount and type that will secure the judgment debtor against any loss or damage caused by the relief granted the judgment creditor if an appellate court determines, on final disposition, that that relief was improper.

(4) *Conservatorship or Custody.* --When the judgment involves the conservatorship or custody of a minor or other person under legal disability, enforcement of the judgment will not be suspended, with or without security, unless ordered by the trial court. But upon a proper showing, the appellate court may suspend enforcement of the judgment with or without security.

(5) *For a Governmental Entity.* --When a judgment in favor of a governmental entity in its governmental capacity is one in which the entity has no pecuniary interest, the trial court must determine whether to suspend enforcement, with or without security, taking into account the harm that is likely to result to the judgment debtor if enforcement is not suspended, and the harm that is likely to result to others if enforcement is suspended. The appellate court may review the trial court's determination and suspend enforcement of the judgment, with or without security, or refuse to suspend the judgment. If security is required, recovery is limited to the governmental entity's actual damages resulting from suspension of the judgment.

(b) *Lesser Amount.* --The trial court must lower the amount of security required by (a) to an amount that will not cause the judgment debtor substantial economic harm if, after notice to all parties and a hearing, the court finds that posting a bond, deposit, or security in the amount required by (a) is likely to cause the judgment debtor substantial economic harm.

(c) Determination of Net Worth.

(1) *Judgment Debtor's Affidavit Required; Contents; Prima Facie Evidence.* --A judgment debtor who provides a bond, deposit, or security under (a)(1)(A) in an amount based on the debtor's net worth must simultaneously file with the trial court clerk an affidavit that states the debtor's net worth and states complete, detailed information concerning the debtor's assets and liabilities from which net worth can be ascertained. An affidavit that meets these requirements is prima facie evidence of the debtor's net worth for the purpose of establishing the amount of the bond, deposit, or security required to suspend enforcement of the judgment. A trial court clerk must receive and file a net-worth affidavit tendered for filing by a judgment debtor.

(2) *Contest; Discovery.* --A judgment creditor may file a contest to the debtor's claimed net worth. The contest need not be sworn. The creditor may conduct reasonable discovery concerning the judgment debtor's net worth.

(3) *Hearing; Burden of Proof; Findings; Additional Security.* --The trial court must hear a judgment creditor's contest of the judgment debtor's claimed net worth promptly after any discovery has been completed. The judgment debtor has the burden of proving net worth. The trial court must issue an order that states the debtor's net worth and states with particularity the factual basis for that determination. If the trial court orders additional or other security to supersede the judgment, the enforcement of the judgment will be suspended for twenty days after the trial court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced against the judgment debtor.

(d) *Injunction.* --The trial court may enjoin the judgment debtor from dissipating or transferring assets to avoid satisfaction of the judgment. but the trial court may not make any order that interferes with the judgment debtor's use, transfer, conveyance, or dissipation of assets in the normal course of business.

### 24.3 *Continuing Trial Court Jurisdiction; Duties of Judgment Debtor.*

(a) *Continuing Jurisdiction.* --Even after the trial court's plenary power expires, the trial court has continuing jurisdiction to do the following:

(1) order the amount and type of security and decide the sufficiency of sureties; and

(2) if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution.

(b) *Duties of Judgment Debtor.* --If, after jurisdiction attaches in an appellate court, the trial court orders or modifies the security or decides the sufficiency of sureties, the judgment debtor must notify the appellate court of the trial court's action.

### 24.4 *Appellate Review.*

(a) *Motions; Review.* --A party may seek review of the trial court's ruling by motion filed in the court of appeals with jurisdiction or potential jurisdiction over the appeal from the judgment in the case. A party may seek review of the court of appeals' ruling on the motion by petition for writ of mandamus in the Supreme Court. The appellate court may review:

(1) the sufficiency or excessiveness of the amount of security, but when the judgment is for money, the appellate court must not modify the amount of security to exceed the limits imposed by Rule 24.2(a)(1):

(2) the sureties on any bond;

(3) the type of security:

(4) the determination whether to permit suspension of enforcement; and

(5) the trial court's exercise of discretion under Rule 24.3(a).

(b) *Grounds of Review.* --Review may be based both on conditions as they existed at the time the trial court signed an order and on changes in those conditions afterward.

(c) *Temporary Orders.* --The appellate court may issue any temporary orders necessary to preserve the parties'

rights.

(d) *Action by Appellate Court.* --The motion must be heard at the earliest practicable time. The appellate court may require that the amount of a bond, deposit, or other security be increased or decreased, and that another bond, deposit, or security be provided and approved by the trial court clerk. The appellate court may require other changes in the trial court order. The appellate court may remand to the trial court for entry of findings of fact or for the taking of evidence.

(e) *Effect of Ruling.* --If the appellate court orders additional or other security to supersede the judgment, enforcement will be suspended for 20 days after the appellate court's order. If the judgment debtor does not comply with the order within that period, the judgment may be enforced. When any additional bond, deposit, or security has been filed, the trial court clerk must notify the appellate court. The posting of additional security will not release the previously posted security or affect any alternative security arrangements that the judgment debtor previously made unless specifically ordered by the appellate court.

# History

Amended by Texas Supreme Court, Misc. Docket No. 08-9115 and Texas Court of Criminal Appeals, Misc. Docket No. 08-103, September 1, 2008.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.



# Appendix 4

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF APPELLATE PROCEDURE* > *SECTION TWO. APPEALS FROM TRIAL COURT JUDGMENTS AND ORDERS*

# Rule 43 Judgment of the Court of Appeals

**43.1** *Time.* --The court of appeals should render its judgment promptly after submission of a case.

**43.2** *Types of Judgment.* --The court of appeals may:

    **(a)** affirm the trial court's judgment in whole or in part;

    **(b)** modify the trial court's judgment and affirm it as modified;

    **(c)** reverse the trial court's judgment in whole or in part and render the judgment that the trial court should have rendered;

    **(d)** reverse the trial court's judgment and remand the case for further proceedings;

    **(e)** vacate the trial court's judgment and dismiss the case; or

    **(f)** dismiss the appeal.

**43.3** *Rendition Appropriate Unless Remand Necessary.* --When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when:

    **(a)** a remand is necessary for further proceedings; or

    **(b)** the interests of justice require a remand for another trial.

**43.4** *Judgment for Costs in Civil Cases.* --In a civil case, the court of appeals' judgment should award to the prevailing party the appellate costs - including preparation costs for the clerk's record and the reporter's record - that were incurred by that party. But the court of appeals may tax costs otherwise as required by law or for good cause.

**43.5** *Judgment Against Sureties in Civil Cases.* --When a court of appeals affirms the trial court judgment, or modifies that judgment and renders judgment against the appellant, the court of appeals must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment and for any costs taxed against the appellant.

**43.6** *Other Orders.* --The court of appeals may make any other appropriate order that the law and the nature of the case require.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

# Appendix 5

## Rule 296 Requests for Findings of Fact and Conclusions of Law

In any case tried in the district or county court without a jury, any party may request the court to state in writing its findings of fact and conclusions of law. Such request shall be entitled "Request for Findings of Fact and Conclusions of Law" and shall be filed within twenty days after judgment is signed with the clerk of the court, who shall immediately call such request to the attention of the judge who tried the case. The party making the request shall serve it on all other parties in accordance with Rule 21a.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

# Appendix 6

## Rule 320 Motion and Action of Court Thereon

New trials may be granted and judgment set aside for good cause, on motion or on the court's own motion on such terms as the court shall direct. New trials may be granted when the damages are manifestly too small or too large. When it appears to the court that a new trial should be granted on a point or points that affect only a part of the matters in controversy and that such part is clearly separable without unfairness to the parties, the court may grant a new trial as to that part only, provided that a separate trial on unliquidated damages alone shall not be ordered if liability issues are contested. Each motion for new trial shall be in writing and signed by the party or his attorney.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

# Appendix 7

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS* > *SECTION 11. Trial of Causes* > *J. NEW TRIALS*

# Rule 321 Form

Each point relied upon in a motion for new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designated to be complained of, in such a way that the objection can be clearly identified and understood by the court.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.



# Appendix 8

*Texas Court Rules* > *STATE RULES* > *TEXAS RULES OF CIVIL PROCEDURE* > *PART II. RULES OF PRACTICE IN DISTRICT AND COUNTY COURTS* > *SECTION 11. Trial of Causes* > *J. NEW TRIALS*

## Rule 322 Generality to Be Avoided

Grounds of objections couched in general terms - as that the court erred in its charge, in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to law, and the like - shall not be considered by the court.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

# Appendix 9

## Rule 621 Enforcement of Judgment

The judgments of the district, county, and justice courts shall be enforced by execution or other appropriate process. Such execution or other process shall be returnable in thirty, sixty, or ninety days as requested by the plaintiff, his agent or attorney.

Texas Rules

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group. All rights reserved.

# Appendix 10

*Texas Statutes and Codes* > *CIVIL PRACTICE AND REMEDIES CODE* > *TITLE 2. TRIAL, JUDGMENT, AND APPEAL* > *SUBTITLE C. JUDGMENTS* > *CHAPTER 34. EXECUTION ON JUDGMENTS* > *SUBCHAPTER A. ISSUANCE AND LEVY OF WRIT*

## § 34.004. Levy on Property Conveyed to Third Party

Property that the judgment debtor has sold, mortgaged, or conveyed in trust may not be seized in execution if the purchaser, mortgagee, or trustee points out other property of the debtor in the county that is sufficient to satisfy the execution.

## History

Enacted by Acts 1985, 69th Leg., ch. 959 (S.B. 797), § 1, effective September 1, 1985.

LexisNexis ® Texas Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.

# Appendix 11

*Texas Statutes and Codes* > *CIVIL PRACTICE AND REMEDIES CODE* > *TITLE 2. TRIAL, JUDGMENT, AND APPEAL* > *SUBTITLE C. JUDGMENTS* > *CHAPTER 34. EXECUTION ON JUDGMENTS* > *SUBCHAPTER A. ISSUANCE AND LEVY OF WRIT*

## § 34.005. Levy on Property of Surety

(a)  If the face of a writ of execution or the endorsement of the clerk shows that one of the persons against whom it is issued is surety for another, the officer must first levy on the principal's property that is subject to execution and is located in the county in which the judgment is rendered.

(b)  If property of the principal cannot be found that, in the opinion of the officer, is sufficient to satisfy the execution, the officer shall levy first on the principal's property that can be found and then on as much of the property of the surety as is necessary to satisfy the execution.

## History

Enacted by Acts 1985, 69th Leg., ch. 959 (S.B. 797), § 1, effective September 1, 1985.

LexisNexis ® Texas Annotated Statutes

Copyright © 2015 by Matthew Bender & Company, Inc. a member of the LexisNexis Group All rights reserved.